97 | 503
23 SC ¹108
23 SC ¹109

## Fulmer *versus* Commonwealth.

1. A count in an indictment charging two distinct offences may be quashed on the defendant's motion. But a count will be good which in an indictment for larceny joins the larceny of several distinct articles belonging to different owners, provided the time and place of the taking of each are the same.

2. Sect. 31, par. 8, of the Crimes Act of March 31st 1860, Pamph. L. 438, does not confer upon the courts of Oyer and Terminer exclusive jurisdiction to try persons charged with the offence of receiving stolen goods.

3. Where the meaning of certain words or phrases in an enactment is judicially ascertained, and subsequently in a new statute which is a revision of the former one, the same words or phrases are retained, they will be construed to have been used in the sense attached to them by the adjudication.

4. Where in a prosecution for larceny the defendant in order to prove lack of motive on his part, produced a witness to testify to the fact that he had kept the defendant supplied with money at the time when the larceny was alleged to have occurred: *Held*, that it was competent for the Commonwealth on cross-examination to ask the witness whether defendant was not at the time of the alleged larceny in need of money and owing pressing debts.

5. Remarks made by counsel in summing up to a jury are dehors the record, and their propriety or impropriety cannot therefore be passed upon on error by the Supreme Court.

March 28th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Quarter Sessions of *Monroe county:* Of January Term 1880, No. 295.

Chester B. Fulmer was indicted in the said Court of Quarter Sessions to September sessions 1879, for larceny and for receiving stolen goods with knowledge that they were stolen. The indictment contained two counts—the first charged that, on August 18th 1879, he did feloniously steal, take and carry away one gold chain of the value of $40, &c., &c., of the goods and chattels and property of one Elizabeth Evans; fifty dimes of the value, &c.; seven handkerchiefs, &c., &c., of the goods and chattels, property and money of one Mary N. West; and one gold watch, &c., the property of one Sarah Hannum.

The second count charged that the goods and chattels, property and money aforesaid, having been lately feloniously stolen, &c., by some person unknown, the said defendant did receive and have the same, well knowing the said goods and money, &c., to have been stolen, &c. Plea, not guilty.

The defendant, by his counsel, moved the court to quash the first count of said indictment " because he is charged therein with the commission of three separate felonies." Motion overruled; exception.

The defendant moved to quash the panel of jurors returned for the trial of cases in the Quarter Sessions, for December Term,

[*Fulmer v. Commonwealth.*]

" because the said charge of receiving stolen goods is solely triable in the Oyer and Terminer, and but thirty-three jurors have been summoned, the venire having issued for thirty-six jurors only." Motion refused ; exception.

Upon the trial, before DREHER, P. J., Henry Fulmer, the father of the defendant, a witness on behalf of the defendant, testified in chief, inter alia, " I gave Chester (the defendant) money every time he asked me. Think I gave him money in July." On cross-examination the Commonwealth proposed to ask this witness : Q. "Do you know whether your son, the defendant, was not, in the month of August last, in need of money to meet the demands of a large number of his creditors in Stroudsburg, Easton and Philadelphia ?" Objected to by the defendant, because incompetent, irrelevant and not cross-examination. Objection overruled ; excepception. Q. " Did William C. Henry, who keeps a livery stable in East Stroudsburg, during the last summer, prior to August 18th, ask you to pay a livery bill contracted by your son, the defendant ?" Objected to, because not competent in this issue trying, to prove the debts owing by the defendant ; and because the question is incompetent and irrelevant. Objection overruled ; exception.

Verdict, guilty. The court sentenced the defendant to pay a fine of $100, and the costs of prosecution, to return the stolen goods to the owner, and to undergo solitary imprisonment at labor in the Eastern penitentiary for two years and six months.

A rule for a new trial and in arrest of judgment was discharged by the court in an opinion filed. The defendant, having obtained an allocatur from this court, took this writ of error, assigning for error the refusal of the court to quash the first count of the indictment, the refusal to quash the panel of jurors in the Quarter Sessions, and the assumption of jurisdiction by that court to try the defendant under the second count of the indictment—viz., for receiving stolen goods—and the admission of the Commonwealth's questions to the witness Henry Fulmer on cross-examination, as above. The last assignment of error was as follows :

" 6. It is specially assigned for error, ' that the counsel who closed for the Commonwealth in addressing the jury, referring to the effect that proof of good character would have in a case of this kind, stated that the fact that defendant had not proven good character was a circumstance against him,' to which objection was made by defendant's counsel at the time. This assignment of error being the language of the court in the opinion filed of record, discharging the rule for new trial."

*Henry W. Scott* and *W. W. Ker*, for the plaintiff in error.— The court should have quashed the first count of the indictment. The defendant might have been charged in three indictments or in

three counts in one indictment, and the Commonwealth would then have been compelled to elect upon which they would try: 1 Wharton's Crim. Law, (7th ed.) sect. 416; Commonwealth v. Manson, 2 Ash. 31. The defendant was compelled to meet the proof on all the charges without notice of what the proof would be. A count which charges separate offences is bad for duplicity: 1 Wharton's Crim. Law, sects. 382, 395; 1 Chitty's Crim. Law 248; Jillard v. Commonwealth, 2 Casey 169; Commonwealth v. Bartilson, 4 Norris 482; Hutchinson v. Commonwealth, 1 Id. 478; Kilrow v. Commonwealth, 8 Id. 489. Under the Criminal Procedure Act of March 31st 1860, sect. 31, par. 8, the crime of receiving stolen goods is within the exclusive jurisdiction of the Oyer and Terminer, and the panel of thirty-three jurors in the Quarter Sessions instead of forty-eight, required for a Court of Oyer and Terminer, should have been quashed: Donaldson v. Commonwealth, 9 W. N. C. 393. The reason for making the offence of receiving stolen goods a higher grade than larceny was stated by TILGHMAN, C. J., 6 Binney 320—"one receiver may support twenty felons."

It is not easy to say in what precise form error in the permission of improper remarks by counsel in their argument to the jury should be brought into this court. An instruction by the court below to the jury to disregard it would not cure the damage already done. We objected at the moment of the mis-statement, and asked the court to note our objection. This objection was one of the reasons for a new trial, but the court discharged the rule. We assign the error specially, as a mistrial, and ask this court to exercise its supervisory jurisdiction, like that of the King's Bench, to relieve grievances and see that no injury is done to a subject. Unfair conduct to the accused, in the closing argument of the Commonwealth's attorney, after conviction is ground for reversal: Fox v. People, 95 Ill.　, (Amer. Law. Reg., August 1880, p. 520).

*J. B. Storm* (with him *D. S. Lee*, District Attorney, and *L. M. Bursom*), for the defendant in error.—Remarks made by the district attorney, in his speech to the jury, are not ground for a new trial and *à fortiori* for reversal: Commonwealth v. Twitchell, 1 Brewst. 554, 592. In this case there was no request to have the words reduced to writing, nor for specific instructions by the court to the jury, nor for the withdrawal of a juror and a continuance. The defendant simply "objected," and having taken his chance for a verdict cannot now complain. Defendant asked for a new trial on this ground among others; the court in the exercise of its sound discretion refused the application, and this court cannot review it: Fife v. Commonwealth, 5 Casey 429; Hopkins v. Commonwealth, 14 Wright 9; Cathcart v. Commonwealth, 1 Id. 108;

[Fulmer *v.* Commonwealth.]

Jewell *v.* Commonwealth, 10 Harris 99.    There is no error in the other assignments.

Mr. Justice Trunkey delivered the opinion of the court, May 2d 1881.

The defendant moved the court " to quash the first count of said indictment, because he is charged therein with the commission of three separate felonies;" which motion was refused.   Whether its refusal was error must be determined from the count itself, without reference to the evidence subsequently given.   It may be noted that there is neither exception nor assignment of error to the receiving of testimony offered to establish the said count, nor to the instructions of the court in submitting the evidence relating thereto, and, therefore, there can be no review of the rulings or instructions respecting such evidence.   The count charges the defendant with the stealing of goods, the property of Elizabeth Evans; of other goods, the property of Mary N. West; and of other goods, the property of Sarah Hannum, at a certain time and place.   It closely follows the form of an indictment at common law, for stealing the property of different persons: 2 Chit. Cr. L. *960; Whart. Pr. of Indict. 416.

It is well settled that distinct offences cannot be joined in the same count: Hutchinson *v.* Commonwealth, 1 Norris 478; Commonwealth *v.* Bartilson, 4 Id. 482; Kilrow *v.* Commonwealth, 8 Id. 489.   Duplicity in a declaration consists in joining in one count, different grounds of action, of different natures, or of the same nature, to enforce a single demand.   Similar to this is duplicity in an indictment, it is the joinder of two or more distinct offences in one count.   The criminal law never permits this.   But one offence may be committed at the same time and place to the injury of two or more persons, and the offender may be indicted therefor.   A man may be indicted for the battery of two or more persons in the same count; or for a libel upon two or more persons, when the publication is one single act, without rendering the count bad for duplicity.   In felonies also, the indictment may charge the defendant in the same count with felonious acts with respect to several persons, if it was all one transaction : 1 Bish. on Crim. Pro., (1st ed.) sects. 189, 192.   In Reg. *v.* Giddins and Others, 1 Car. & Mar. 634, the indictment, consisting of only one count, charged the prisoners with assaulting G. P. and H. P., and stealing from G. P. two shillings, and from H. P. one shilling and a hat.   The defendants contended the felonies were distinct, and moved that the prosecution be put to election which he would go upon; but it was ruled that the assaulting and robbing G. P. and H. P. at the same time constituted one transaction; the evidence was received and the defendants convicted.   If a person shoot at two persons, intending to kill one, or regardless which he might kill, he may be

[Fulmer v. Commonwealth.]

convicted on an indictment charging a joint assault on both : Commonwealth v. McLaughlin, 12 Cush. 615.

If the property of several persons be stolen at one time, the whole may be considered as one taking, and will amount to grand larceny : 2 Chit. Cr. L. *924. A count charging two distinct offences will be quashed on the defendant's motion ; but a count may join the larceny of several distinct articles belonging to different owners, when the time and place of taking of each are the same : 1 Whart. Crim. L., sects. 382, 391. In a recent well considered case it was held, " Where several articles of property are stolen at the same time, the transaction being the same, the whole, although they belong to different owners, may be embraced in one count of the indictment, and the taking thereof charged as one offence :" State v. Hennessy, 23 Ohio St. R. 339 ; see State v. Nelson, 29 Me. 329.

We see no reason for departure from the current of authority. As the case comes, the evidence can no more be considered now than when the motion to quash was made. That motion had to be disposed of before the evidence could be heard, and it was rightly denied.

The second assignment of error is intended to gainsay the jurisdiction of the Court of Quarter Sessions to try a person charged with the crime of receiving stolen goods, knowing them to have been stolen. Before and since the Crimes' Act of 1860, it has been common in this state in indictments for larceny to add a count charging the crime of knowingly receiving stolen goods, and to try the offender so charged in the Quarter Sessions. The offences of stealing and knowingly receiving stolen goods belong to the same class of crimes, and may well be united in the indictment, and often must be if justice is to be administered ; for the proof may not sustain the charge of larceny, but would that of knowingly receiving stolen goods, and, therefore, it is the common practice to charge both offences in the indictment: 2 Archb. Cr. Prac. & Pl. (8th ed.) 1164 n. It is contended that the eighth paragraph of the thirty-first section of the Act of 1860, Pamph. L. 438, gives exclusive jurisdiction to the Court of Oyer and Terminer to try a person charged with receiving stolen goods. The paragraph is as follows : " All persons charged with the second or any subsequent offence of receiving, harboring or concealing any robber, burglar, felon or thief, or with the crime of receiving or buying any goods or chattels, which shall have been feloniously taken or stolen, knowing the same to be so taken or stolen." This is part of the section enumerating the crimes of which the Court of Oyer and Terminer shall have exclusive jurisdiction ; and the whole paragraph might well be construed as relating to second or subsequent offences. However, there is no occasion now for its construction. The entire section is a re-enactment of sections 14 and 15 of the

[Fulmer *v.* Commonwealth.]

Act of 1836, Pamph. L. 784. Prior to said re-enactment, it was decided that exclusive jurisdiction was not vested in the Court of Oyer and Terminer to try a person charged with receiving stolen goods, knowing them to have been stolen, by section 15 of the Act of 1836, and that the Quarter Sessions had jurisdiction to try said crime: Holmes *v.* Commonwealth, 1 Casey 221. It is a settled rule of interpretion that "words and phrases, the meaning of which in a statute has been ascertained, when used in a subsequent statute, are to be understood in the same sense." How much stronger the reason for holding that where the meaning of a statute has been judicially determined, its subsequent enactment in a revision of the statutes, is in the sense of the adjudication. To rule otherwise could be nothing less than setting aside its intendment by judicial repeal.

The fourth and fifth assignments would be well taken had not the defendant made the questions therein stated pertinent in cross-examination of the witness. On behalf of the defendant his father testified in chief, that he gave the defendant money every time he asked for it, and that he gave him money in July. If this was for any purpose it was to show absence of motive because the son was not in want of money by reason of his father's supplies. It was competent to ask the same witness if the defendant was not in need of money and owed pressing debts. There had been no offer by the Commonwealth to prove the defendant's pecuniary condition as evidence of motive for commission of the crime. The defendant attempted to disprove motive by showing that money was furnished for his wants, and he cannot complain of pertinent cross-examination.

The only remaining assignment which was pressed, charges error because of alleged remarks by counsel in summing up to the jury. Whether the remarks were proper or improper cannot here be determined; it is plain that they are altogether dehors the record.

Judgment affirmed.

June 6th 1881, PER CURIAM.—It is ordered that the judgment of this court be amended by adding thereto the following:

And it is further ordered that Chester B. Fulmer, the plaintiff in error, be remanded to the end that the sentence of the court below be executed, and that he be confined according to said sentence, for the residue of the term which had not expired on the 27th day of February 1880, the date of suspension of sentence; and that the record be remitted that the sentence and this order be carried into effect.