## Commonwealth *versus* Miller et al.

1. Where a statute makes indictable two or more distinct acts connected with the same transaction, each of which may be considered as representing a phase of the same event, they may be coupled in one count.

2. A. & B. were indicted for forcible entry and detainer, the indictment containing but one count. Before plea filed, their counsel moved to quash the writ, which the court refused to do. The jury returned a verdict of not guilty, but that the defendants pay the costs. Defendants then moved in arrest of judgment that the offences with which they were charged were distinct and separate, that they were coupled in one count and, that the indictment was therefore void for duplicity. The court sustained the motion and arrested the judgment.

*Held* to be error. The indictment was good, and judgment or sentence should have been entered thereon.

[Commonwealth v. Miller.]

3. *Semble.* That if there had been duplicity in the indictment the defendants in this case could have taken advantage of it by motion in arrest of judgment, but perhaps otherwise, if they had voluntarily entered their plea and put themselves upon trial.

October 8th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

Error to the Court of Quarter Sessions of *Westmoreland county:* Of October Term, 1884, No. 71.

This was an indictment against Alexander and James Miller for forcible entry and detainer.

The indictment was in one count, and before plea entered or jury sworn, defendant's counsel moved to quash on the ground that "The crimes of Forcible Entry and Forcible Detainer are distinct and separate offences under the Criminal Code, and different in the penalties attached, and they cannot be joined in the same count in the indictment, as has been done in this case." This motion was overruled by the court and the defendants ordered to plead.

After trial of the cause in due course the jury returned a verdict of not guilty but that defendants pay the costs. The same day defendants moved in arrest of judgment on the ground of duplicity in the indictment. This motion was granted by the court and the following opinion filed:

"The 21st and 22d sections of the Act of 1860, separate the old common law offence of forcible entry and detainer and make two distinct offences; the one count in the bill unites them; this is duplicity, and judgment is arrested."

Thereupon the Commonwealth took this writ assigning for error the action of the court in arresting judgment, instead of entering judgment on the verdict.

*Hazlett* (with whom were *Williams* and *A. M. Sloan,* District Attorney) for plaintiff in error.—The two offences are of the same nature and were committed against the same person at the same time. As both are misdemeanors, the joinder would not vitiate the indictment: Commonwealth v. Gillespie, 7 S. & R. 476; Wharton's Precedents of Indictments and Pleas, p. 31, 4th edition; even in felonies an indictment may charge in one count felonious acts with respect to several persons, if it was all one transaction: 1 Bish. on Crim. Pro. 1st ed. § 189 and 192: Fulmer v. Commonwealth, 97 Pa. St. 503. But even if there be duplicity in the indictment as alleged, the defect cannot be taken advantage of by motion in arrest of judgment: Wharton Criminal Law, § 395; Kilrow v. Commonwealth, 8 Norris 489. The indictment conforms to established precedents: Wharton's Precedents of Indictments and Pleas 4th edition, page 489.

*Head* (with whom were *Moorhead* and *H. W. Walkinshaw*) for defendants in error.—Forcible entry and forcible detainer are separate and distinct offences: Commonwealth *v.* Toram, 3 Clark 346: Same *v.* Rogers, 1 S. & R. 124; 2 Whar. Cr. L. 8th ed. § 1110. Act of March 31st, 1860, §§ 21, 22. It is well settled that separate and distinct offences cannot be joined in one count: Fulmer *v.* Commonwealth, 1 Out. 506; Hutchison *v.* Commonwealth, 1 Norris 478. A motion in arrest of judgment is the proper practice : Whar. Cr. Pl. & Pr. 8th ed. §§ 243–298; Commonwealth *v.* Fry, 14 Wr. 245.

Mr. Justice CLARK delivered the opinion of the court, October 20th, 1884.

The defendants were tried on an indictment charging them with forcible entry and detainer; the jury returned a verdict of not guilty, but that the defendants pay the costs. The defendants moved in arrest of judgment that the offences with which they were charged were distinct and separate, that they were coupled in one count, and that the indictment was bad for duplicity. The court sustained the motion and arrested the judgment, and this is assigned for error.

If there be duplicity in this indictment, the defendants may take advantage of the defect by motion in arrest of judgment; if they had voluntarily entered their plea and put themselves upon trial, they could not now, perhaps, relieve themselves from the consequences of an adverse verdict in this form ; but they sought to avail themselves of this alleged defect at every stage of the case, and after verdict they were without doubt entitled to have the judgment arrested—if the indictment was bad for the reasons stated.

Several distinct misdemeanors may be charged in the different counts of the same indictment, but an indictment which charges distinct and separate offences in a single count, is generally bad for duplicity, and upon proper application will be quashed ; the grand jury should be allowed to pass upon the charges separately: Hutchison *v.* Com'th, 1 Norris 478; Kilrow *v.* Com'th, 8 Norris 489 ; Fulmer *v.* Com'th, 1 Out. 506.

It is contended that forcible entry and forcible detainer are distinct offences, and that as they are coupled in a single count, the indictment is bad. It must be conceded, of course, that under the 21st and 22d sections of the Crimes Act these offences are, in the abstract, distinct and separate ; the provisions of the statute are plain, and it is unnecessary by any proper definition of each to draw the distinction between them. But this distinction was as clearly defined before the Act of 1860, as since. An indictment for forcible entry was

sustainable at common law; by the statute 15 Rich. II. remedy was given against forcible entries and detainers, but it was by the statute of 8 Henry VI. c. 9, that forcible detainers after a peaceful entry was declared to be a distinctive offence, whilst restitution of possession was rendered pursuant to the Act of 21 Jac. 1, c. 15. These statutes were held to be in force in Pennsylvania, and prosecutions for forcible entry and detainer were generally brought in pursuance of their provisions and of our own statute of 1700: 1 Sm. L. 1. This statute of 1700 and the English statutes referred to, are supplied by the 21st and 22d sections of the Act of 1860, which so far as concerns the questions here involved are but substantial re-enactments of the statutes they supply: Com'th v. Toram, 5 P. L. J. 296.

Prior to the passage of the Act of 1860 an indictment for forcible entry and detainer in a single count, where the offences charged constituted a single transaction was certainly according to the settled practice of our criminal courts. An indictment so drawn was in conformity with established precedents: Whar. Prec., 4th ed. 489. But a conviction might be had on such an indictment for forcible entry without proof of a forcible detainer: Whar. Cr. Law § 1110; 3 Russ. on Cr. 303; and when it appeared that the entry was peaceable a conviction might be had for forcible detainer only. In the case of Com'th v. Rogers, 1 S. & R. 124, the defendants were charged in the same form pursued in the case at bar; the jury found the defendants not guilty of forcible entry, but a portion of them guilty of forcible detainer. Chief Justice TILGHMAN in that case held that a forcible entry and a forcible detainer were distinct offences, and although both were charged in a single count, he held that the defendants might be convicted of one and acquitted of the other; if one was defectively set out, and the other well, a conviction might be had on that which was well. That the offences are and always have been distinct and divisible cannot be doubted.

" But when a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offence, it has, in many cases been ruled that they may be coupled in the one count: Thus, setting up a gaming table, it has been said, may be an entire offence; keeping a gaming table and inducing others to bet upon it may constitute a distinct offence, for either, unconnected with the other an indictment will lie; yet when both are perpetrated by the same person, at the same time, they may be coupled in one count:" Wh. Cr. Pl., 257. It is not regarded as duplicity thus to join successive statutory phases of the same

offence.   So a man may be indicted for the battery of two or more persons in the same count, if it was all one transaction, or for the larceny of several distinct articles belonging to different owners, if the time and place of taking are the same: Fullmer *v.* Com'th, 1 Out. 506.   The indictment in this case sets forth the entry and detainer as the beginning and ending of the same transaction, occurring at the same time, at the same place, between the same parties and affecting the same subject matter.   The entry and the detainer are but part and parcel of one act or transaction.   The offences are of the same grade and kind, are punishable alike, and to the same extent, and under the rules of criminal pleading and according to the established practice of our criminal courts, it was competent for the jury under the form of indictment to find the defendants guilty of both or either, as the proofs might appear.

We are of opinion that this indictment is not bad for duplicity, and therefore the judgment of the Quarter Sessions is reversed, and the record is remitted, that judgment or sentence may be entered upon the verdict.