| | |
|---|---|
| 162 | 646 |
| 21 SC | ¹ 51 |
| 162 | 646 |
| 23 SC | ¹110 |
| 162 | 646 |
| 25 SC | ¹537 |
| 162 | 646 |
| 30 SC | ¹328 |
| 162 | 646 |
| f 31 SC | ²314 |
| 162 | 646 |
| 216 | ² 73 |
| 216 | ² 78 |
| 162 | 646 |
| 35 SC | 457 |

# Commonwealth *v.* John W. Mentzer, Appellant.

*Criminal law—Indictment—Duplicity—Pleading—Embezzlement—Act of March 31, 1860, section 65.*

Where a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offence, the different acts may be coupled in one count. It is not regarded as duplicity thus to join successive statutory phases of the same offence.

The four acts specified in the act of March 31, 1860, § 65, relating to embezzlement by public officers, may be four distinct and separate offences, or they may be so entirely parts of the same transaction that they combine to make but one. Into which category they fall must depend on the facts of each case, and therefore must raise a question for the jury. That being so there is no legal difficulty in joining two or more such acts in one count.

Argued May 31, 1894. Appeal, No. 111, July T., 1893, by defendant, from judgment of Q. S. Lancaster Co., Nov. T., 1892, No. 119, on verdict of guilty. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for embezzlement.

The indictment was as follows:

"The grand inquest of the commonwealth of Pennsylvania inquiring for the said county upon their oaths and affirmations respectively do present that John W. Mentzer, on the 19th day of August, A. D. 1891, and on divers other days and times before and since at the county of Lancaster and within the jurisdiction of this court being then and there the duly elected and lawfully commissioned prothonotary of the county of Lancaster, aforesaid, and as such charged with the collection, safe-keeping and transfer of public moneys, to wit, state tax on writs, did, by virtue of his said office of prothonotary of Lancaster county, aforesaid, then and there, whilst acting and holding said office of prothonotary of said county of Lancaster, receive, collect and take into his possession certain moneys for tax on writs to a large amount, to wit, twelve hundred and eighty-two dollars and thirty-four cents ($1,282¾₀₀) of the

value of twelve hundred and eighty-two dollars and thirty-four cents ($1,282$\frac{34}{100}$), lawful money of the United States for and in the name and on account of the commonwealth of Pennsylvania, and having so collected, received and taken into his possession for safe-keeping and transfer as aforesaid, did fraudulently and willfully embezzle and convert to his own use the said public moneys so collected, received and taken into his possession and did fail to pay over the same when thereunto legally required by Henry K. Boyer, the state treasurer, the said Henry K. Boyer being the proper officer authorized to demand and receive the same. Contrary to the form of the act of assembly in such cases made and provided and against the peace and dignity of the commonwealth of Pennsylvania."

The court admitted, under objection and exception by defendant, evidence in support of the indictment. [1]

Defendant's point was as follows:

"Under the indictment in this case there can be no conviction and the verdict of the jury must be not guilty." Refused. [2]

Verdict of guilty. The court subsequently discharged a rule to show cause why judgment should not be arrested, and sentence was passed upon the verdict. [3]

*Errors assigned* were (1) ruling; (2) instruction; (3) discharging rule to show cause and passing sentence; quoting instruction but not quoting ruling or evidence.

*B. Frank Eshleman, J. Hay Brown* with him, for appellant.

Distinct offences cannot be joined in the same count: Fulmer v. Com., 97 Pa. .503; Hutchison v. Com., 82 Pa. 472; Com. v. Bartilson, 85 Pa. 482; Kilrow v. Com., 89 Pa. 480; Com. v. Miller, 107 Pa. 276.

If there be duplicity in this indictment, advantage can be taken of it in arrest of judgment. Exception was promptly taken to it before any testimony was offered, and the defendant did not take the chance of an adverse verdict: Com. v. Miller, 107 Pa. 278.

*A. C. Reinoehl* and *T. J. Davis, W. M. Franklin* with them, for appellee.—There is no duplicity in this indictment. The collection and failure to turn over moneys due the common-

wealth were all parts of one act of official peculation : Com. v.
Miller, 107 Pa. 278.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1894 :

The sixty-fifth section of the act of March 31, 1860, clearly
specifies four distinct and separate acts with reference to pub-
lic money, which shall constitute the offence of embezzlement,
to-wit, conversion to the officer's own use, investment in prop-
erty or merchandise, becoming a defaulter, or failing to pay
over on proper demand.   These are enumerated in the disjunc-
tive, and it is further declared that " every such act " shall be
deemed and adjudged an embezzlement.   Each of these acts
therefore, though of very varying character and degree of
moral turpitude, is of equal legal import, and by itself consti-
tutes the full statutory offence.   Prima facie therefore each of
such acts charged is a separate crime, and where such is the
fact no two can be charged in the same count.

But while as a matter of public policy each act has been in-
dividualized and made to amount to the full and completed
offence, the statute could not, nor has it attempted to, change
the nature of the acts as possible parts of the same transaction,
and where that is in fact the case, and two or more of the enu-
merated acts are in truth only successive steps in one appropri-
ation or embezzlement of the same money, it would be contrary
to the fundamental principles of our criminal jurisprudence to
hold that they had not merged and become but one offence.
The possible consequences of any other view are too serious
to permit its entertainment.   Thus a public officer might in-
vest the money in property and lose it, and thereby become a
defaulter, and fail to pay over to the treasurer.   Each of these
acts by itself would under the statute be an embezzlement, and
make him liable to an imprisonment of five years, yet if they
were successive steps in but one taking of the same public
money they would amount to but one crime in fact, and it is
not to be supposed that the statute intended that he should be
indicted, convicted and sentenced to fifteen years on the sepa-
rate branches of it, or that a conviction and sentence for the
final act of failure to pay should not be a good defence to a
separate indictment for the previous act of investment in prop-
erty.   We must give the statute a reasonable construction, in

accordance not only with its plain general intent, but also with the fundamental principles of our criminal law. The four specified acts may therefore be four distinct and separate offences, or they may be so entirely parts of the same transaction that they combine to make but one. Into which category they fall must depend on the facts of each case, and therefore must raise a question for the jury. That being so there is no legal difficulty in joining two or more such acts in one count.

The general principle that separate offences shall not be joined in the same count is indisputable, but where two or more acts are but parts of the same transaction the rule does not apply. This was distinctly held in Com. v. Miller, 107 Pa. 276, where it was said by our late brother CLARK : " But when a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offence, it has in many cases been ruled that they may be coupled in one count. (Quoting Wharton's Crim. Plead. 257) . . . . It is not regarded as duplicity thus to join successive statutory phases of the same offence."

There is no question raised in the present case that the two acts charged in the count were not parts of the same transaction, the only defence being the alleged duplicity in the indictment, as matter of law. Under the principles of Com. v. Miller this assignment of error cannot be sustained.

Judgment affirmed, and it is ordered that the appellant, John W. Mentzer, surrender to the sheriff of the county of Lancaster, that the sentence of the court may be carried out.