## Commonwealth, Appellant, *v.* Lee Gennerette, George Meagher, alias Dick Meagher, Burg McCoy, Silas Neillis and Clyde Gennerette.

*Criminal law—Sufficiency of indictment—Disturbing a meeting.*

An indictment charging the offense of disturbing a meeting held for social and moral purposes is sufficient when the offense is set forth in the exact language of the criminal code. It is not necessary that either the specific purposes for which the meeting was held or the nature of the disturbance should be set forth with the greatest particularity and detail.

*Pleading—Indictment—Bill of particulars.*

If the indictment fails to give the defendant notice of the specific matters which may be proved against him, he may apply for an order that a bill of particulars be filed.

Argued May 2, 1899. Appeal, No. 214, April T., 1899, by plaintiff, from order of Q. S. Clarion Co., Nov. Sess., 1898, No. 3, granting motion in arrest of judgment. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by BEAVER, J.

Motion in arrest of judgment on verdict of guilty on the charge of riot.   Before CLARK, P. J.

It appears from the record that defendant was convicted on an indictment charging that "Burg McCoy (and other defendants named), late of the county aforesaid yeoman, on the second day of July, in the year of our Lord, one thousand eight hundred and ninety-eight, at the township of Paint, in the county aforesaid and within the jurisdiction of this court, with force and arms, did wilfully and maliciously disturb and interrupt a certain meeting of citizens and inhabitants being then and there lawfully assembled at a certain church, known as the Manor church in the township of Paint, county of Clarion, for social and moral purposes, contrary to the form of the act of the general assembly, in such cases made and provided, and against the peace and dignity," etc.

A motion to quash the indictment for insufficiency of averments in it and in the constable's return was made and overruled and the jury having found the defendant, Burg McCoy, guilty as indicted, the defendant Burg McCoy moved in arrest of judgment.

After argument the court granted the motion in arrest of judgment.   Commonwealth appealed.

*Error assigned* was to the order of the court arresting judgment.

*John S. Shirley*, district attorney, and *F. J. Maffett*, with them *A. C. Brown* and *B. J. Reid*, for appellant.—At the same term, on December 1, 1898, the district attorney sent to the grand jury a bill charging the defendants with wilfully and maliciously, on July 2, 1898, disturbing and interrupting a certain meeting of citizens and inhabitants, lawfully assembled at a certain church known as the Manor church, in the township of Paint, county of Clarion, for social and moral purposes, contrary to law.   This bill was returned a true bill.

It was founded on the statute of March 31, 1860, P. L. 382, sec. 31, Pep. & L. Dig. 1166, pl. 168, prescribing a penalty for disturbing public assemblies.   It is, and was found by the court to be, substantially in the language of the act prohibiting the crime and prescribing the punishment.

Such an indictment shall be deemed and adjudged sufficient

and good in law: Act of March 31, 1860, P. L. 427, sec. 11, Pep. & L. Dig. 1350, pl. 9.

The indictment, being a district attorney's bill, may not be quashed nor judgment arrested after conviction thereon, by reason of defective proceedings, except for matters appearing upon the face of the bill: McCullough v. Com., 67 Pa. 30; Harrison v. Com., 123 Pa. 508; Com. v. Archie Miles, 21 Pa. C. C. R. 553.

It sets forth the disturbance of a meeting lawfully assembled at a church, for moral and social purposes. We submit that this is a sufficient averment of the nature and character of the meeting alleged to have been disturbed, or the purpose for which it was assembled: Com. v. Burkhart, 23 Pa. 521.

The court found, what is indisputable, that the indictment "charges the defendants with the offense substantially in the language of the statute," but, upon the single authority of Com. v. McDole et al., 2 Dist. Rep. 370, granted the motion in arrest of judgment.

The expression by the court of quarter sessions in Com. v. McDole, supra, is a mere dictum. The case was decided on the ground that the indictment by its averments showed that no offense had been committed.

If the sufficiency of an indictment may be tested by a judicial standard different from that provided by the legislature, the whole matter becomes a question of judicial construction, and the statute is but a snare for the feet of the pleader.

The averment in the indictment follows the language of the act, and is in substantial compliance with the rule of criminal pleading: Com. v. Rockafellow, 163 Pa. 139, 143.

In Com. v. Bachop, 2 Pa. Superior Ct. 294, 298, ORLADY, J., in the opinion of the court, says: "Details like the manner in which the fraud was meant to be affected need not be mentioned. It is sufficient to aver a general intent to defraud a certain person, which intention may be made out by the facts in evidence on the trial."

*A. A. Geary,* for appellee.—Disturbing meetings is a common-law offense, and although now regulated by statutes, these statutes do not abrogate the common law: 5 Am. & Eng. Ency. of Law (1st ed.), 721; 2 Bishop's New Crim. Law, sec. 301.

The words " disturb " and " interrupt " used in the indictment are conclusions of law: 2 Wharton's Crim. Law (10th ed.), sec. 1556 *a*, subd. 7.

The acts which are relied upon as constituting the offense must be stated, so as to show how it was committed. The statement of a conclusion of law, without showing the facts, is bad: Clark's Crim. Proc. 156 ; Arch. Cr. Pl. (15th ed.) 43 ; U. S. v. Cruikshank, 92 U. S. 563.

Under this rule, to charge the disturbance of a school or other assemblage without showing the acts done would state a conclusion of law, and therefore be bad: Clark's Crim. Proc. 157 ; 1 Chitty's Crim. Law, * 228.

The indictment must specify and describe the particular offense so that it may be identified and not charge the defendant with being an offender in general, or with having committed an offense of a certain nature and name without identifying the particular act or acts relied on: Clark's Crim. Proc. 159.

The indictment must set forth the character of the disturbance: Thompson v. State, 16 Tex. Crim. 159.

It is generally a good rule in indictments that the special manner of the whole fact ought to be set forth with such certainty that it may judiciously appear to the court that the indictors have not gone upon insufficient premises: 2 Hawk. P. C. ch. 25, sec. 57 ; Heard's Crim. Pleading, 93.

It is undoubtedly a rule that an indictment for any offense must show that the offense has been committed, and must show how it has been committed, and if these particulars are omitted, judgment will be arrested: Heard's Crim. Pleading, 98.

Where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; it must descend to particulars: U. S. v. Cruikshank, 92 U. S. 542, 558; Com. v. Chase, 125 Mass. 202; Rex v. Chalkley, Russell & Ryan C. C. 258; Heard's Crim. Pl. 109.

In this case the indictment does not describe the meeting disturbed excepting to say that it was lawfully assembled, which is in the general terms of the statute. Under the principle above cited we contend this is not sufficient, but the particular character and nature of the meeting should be set forth.

The purpose to be aimed at in describing the offense is to define the act and the criminal element in it so as to point the proof and the defense, and furnish reasonable security against the repetition of the charge : Com. v. Swallow, 8 Pa. Superior Ct. 539, 615.

The case of Com. v. Frey, 50 Pa. 245, decided soon after the act of 1860, is directly in point and should be followed.

It is important to adhere to established forms in criminal procedure : Com. v. Brown, 138 Pa. 447.

OPINION BY BEAVER, J., July 28, 1899 :

Under an indictment which charged that several defendants " with force and arms did wilfully and maliciously disturb and interrupt a certain meeting of citizens and inhabitants being then and there lawfully assembled at a certain church known as the Manor church in the township of Paint, county of Clarion, for social and moral purposes, contrary to the form of the act of the general assembly in such cases made and provided, and against the peace and dignity of the commonwealth of Pennsylvania," the appellant was convicted and, on a motion made by him in arrest of judgment, the court allowed the motion, stating as the ground thereof, " but the indictment in this case is shown to be defective in other respects, to wit : the disturbance of a certain meeting of citizens and inhabitants lawfully assembled, etc., for social and moral purposes, nothing being set forth to show the nature or purposes for which the meeting was held.   There is one defect in ·this indictment that in my judgment is fatal, and that is, that in an indictment for this species of offense there should be shown or set forth in it the nature or character of the disturbance.   This being one of the reasons assigned in arrest of the judgment, it is unnecessary to consider the remainder."

The indictment, as stated by the court below, sets forth the offense in the exact language of the Criminal Code.   See Act of March 31, 1860, P. L. 382, section 31.   It was held in Com. v. Burkhart, 23 Pa. 521, upon a certiorari to a justice of the peace in a summary conviction under the Act of March 16, 1847, P. L. 447, sec. 4, for disturbing a religious meeting : " The courts are no longer astute in discovering defects in such proceedings : King v. Thompson, 2 T. R. 18, 23, and, when the charge in the

complaint and summons is so specific as to give the defendant fair notice of the substance, time and place of the offense charged as is done here, it ought to be regarded as sufficient." In Williams v. Com., 91 Pa. 493, a case in which defendant was indicted for perjury, it was said: "The indictment is sufficient, under the criminal procedure act, and the motion to quash was rightly refused. It does not furnish sufficient information to enable the defendant to prepare his defense and this may often occur where the law declares an indictment good 'which charges the crime substantially in the language of the act of assembly prohibiting the crime and prescribing the punishment, if any such there be, or, if at common law, so plainly that the nature of the offense may be easily understood by the jury.' Prior to 1860, when greater particularity was required in setting out the offense in the indictment, it sometimes failed to give the defendant such notice as he was entitled to of the specific matters which would be attempted to be proved against him on the trial. Whenever such is the case the accused may apply to the court or judge for an order that a bill of particulars be filed and, on the trial, the commonwealth will be restricted to the proof of the items contained therein. Doubtless, had the defendant made application, a bill of particulars would have been ordered. In simplifying indictments, it was not the intendment to make their brief and comprehensive terms a cover for snares to be sprung on the accused." See also our own case of Com. v. Bachop, 2 Pa. Superior Ct. 294.

The indictment here, being substantially in the words of the act of assembly, it was not necessary that either the specific purposes for which the meeting was held or the nature or character of the disturbance should be set forth with greater particularity and detail. It was distinctly charged that there was a disturbance, wilfully and maliciously made at a meeting held at a church for social and moral purposes. This constitutes an offense under the provisions of the Criminal Code already quoted; and, if the defendant desired to be more particularly informed as to the specific mode of disturbance, he could have made the application referred to in Williams v. Commonwealth, supra. The conviction was rightly had, at least so far as the sufficiency of the indictment was concerned, and no reasons were shown in the motion in arrest of judgment why judgment should not have

been entered upon the verdict. The order of the court below arresting the judgment is, therefore, reversed and the record is remitted to the court below, in order that judgment may be entered upon the verdict and sentence passed upon the defendant according to law.