## Commonwealth, Appellant, *v.* Carson.

*Public officers—Township treasurer—Clarion county—Acts of April* 15, 1834, *P. L.* 537, *sec.* 81, *February* 28, 1835, *P. L.* 45, *sec.* 8 *and March* 11, 1839, *P. L.* 51.

The Act of March 11, 1839, P. L. 51, which created the county of Clarion, gave to the people and territory embraced within its limits, a new county government, but that part of its territory which had been carved out of the county of Venango remained subject to the provisions of the act of April 15, 1834, in so far as its township organizations were concerned. In that part of the county a township treasurer is a part of the legal official township organization.

A township treasurer being a township officer is subject to the provisions of the Act of March 31, 1860, P. L. 385, sec. 65, and the money of the township is protected by that statute.

*Criminal law—Indictment—Embezzlement—Township treasurer—Act of March* 31, 1860, *P. L.* 385, *sec.* 65.

An indictment is sufficient under the Act of March 31, 1860, P. L. 385, sec. 65, which charges that the defendant, " being then and there treasurer of the township of Farmington, in the county of Clarion, having been duly commissioned and acting as such, and being charged as such treasurer with the safe-keeping and transfer of the road taxes of said township of Farmington, did fraudulently take, convert, appropriate and apply to his own use the sum of $356.29 of the moneys and property of the said township, so in his charge as treasurer, for safe-keeping and transfer, and did neglect and fail to pay over the said sum of $356.29, at the time and place required by law and to the person legally authorized to receive the same."

Argued May 5, 1902. Appeal, No. 146, April T., 1902, by plaintiff, from order of Q. S. Clarion Co., Feb. T., 1902, No. 16, quashing indictment in case of Commonwealth v. S. E. Carson. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. .

Indictment for embezzlement.
The opinion states the case.

*Error assigned* was order quashing indictment.

*A. A. Geary,* with him *John T. Reinsel,* district attorney, for appellant.—We contend that in this case the indictment correctly charges the defendant with embezzlement by converting to his own use.

The indictment sets forth that he was a township officer, to wit: treasurer of Farmington township.

It charges that as such treasurer, he was charged with the safe-keeping and transfer of the road taxes of the said township.

It charges that he did fraudulently take, convert, appropriate and apply to his own use the sum of $356.29, of the moneys of the said township so in his charge as treasurer for safe-keeping and transfer: Com. v. Morrisey, 86 Pa. 416; Com. v. McCoy, 10 Pa. Superior Ct. 598.

*John S. Shirley,* with him *George F. Whitmer,* for appellee.— The office of township treasurer was abolished in Clarion county by the act of February 28, 1835, as amended by section 6 of the Act of March 11, 1839, P. L. 51.

In an indictment for misfeasance in office the mode of the officer's election must be very distinctly set out and the facts and circumstances with time and place, which render the alleged act unlawful: Com. v. Edge, 7 Pa. 275; Com. v. Rupp, 9 Watts, 114; Warner v. Com., 1 Pa. 154; Resp v. Tryer, 3 Yeates, 451; Chapman v. Com., 5 Wharton, 427; Com. v. Hill, 2 Parsons, 432; Com. v. Miller, 2 Parsons, 484; Stewart v. Com., 4 S. & R. 194; Duck v. Burgess, 7 Watts, 181; Com. v. Rough, 78 Pa. 495; Com. v. Frey, 50 Pa. 247.

The indictment must set forth that defendant actually received the money: Com. v. Slingluff, 3 Montg. 205; Com. v. Miller, 20 Pa. C. C. Rep. 183.

An indictment for embezzlement alleged to consist in neglecting to account for and pay over money must allege that a demand for the money was made: Com. v. Mentzer, 162 Pa. 646; Underhill on Criminal Evidence, sec. 284.

OPINION BY W. D. PORTER, J., July 10, 1902:

The commonwealth appeals from the order of the court below quashing the indictment. The indictment charged that the defendant, " being then and there treasurer of the township of Farmington, in the county of Clarion, having been duly commissioned and acting as such, and being charged as such treasurer with the safekeeping and transfer of the road taxes of said township of Farmington, did fraudulently take, convert,

appropriate and apply to his own use the sum of $356.29 of the moneys and property of the said township, so in his charge as treasurer, for safekeeping and transfer, and did neglect and fail to pay over the said sum of $356.29 at the time and place required by law and to the person legally authorized to receive the same." The Act of April 15, 1834, P. L. 537, section 81, provided for the election of a township treasurer by the electors of every township of the commonwealth; and in sections 95–98 defined the duties of the officer. The Act of February 28, 1835, P. L. 45, section 8, repealed the 81st section of the act of 1834, above cited, " except in the counties of Erie, Franklin, Wayne, Venango, Warren, Susquehanna, Tioga and Luzerne. The two acts are to be construed together and provide one general law for the organization of the townships of the state, and another which is special in its application to the townships within that part of the commonwealth's domain which was at the time embraced within the boundaries of the counties named. Those sections of the statutes in question which are material to this inquiry did not relate to the organization or government of counties. The names of the counties were used in the exception, which gave to certain townships a peculiar form of government, to designate the particular territory which for purposes of county government was known by the several names. The effect is the same as if the same territory had been accurately described by metes and bounds. The legislative intention was that the townships within that territory should have a peculiar township organization and a township treasurer. The Act of March 11, 1839, P. L. 51, which created the county of Clarion, gave to the people and territory embraced within its limits a new county government, but that part of its territory which had been carved out of the county of Venango remained subject to the provisions of the Act of April 15, 1834, in so far as its township organizations were concerned: County of Lackawanna v. Stevens, 105 Pa. 465; Commonwealth v. Ayers, 17 Pa. Superior Ct. 352. It is conceded that Farmington township is situated entirely within that part of the county of Clarion which was in 1839 taken from the county of Venango; a township treasurer was therefore a part of the legal official township organization.

The township treasurer, being a township officer, was sub-

ject to the provisions of the Act of March 31, 1860, P. L. 385, section 65, and the money of the township was protected by that statute: Commonwealth v. Morrisey, 86 Pa. 416. The indictment was evidently intended to charge the offense which is punishable under that section of the statute; it might perhaps have been more skilfully drawn, but it contained enough to clearly define one of the offenses enumerated in the statute. The allegation that the defendant had failed to pay over the money which had come into his hands in his official capacity does not follow the language of the statute to its conclusion, and standing alone would have been defective, but the failure to pay over is but one incident of the complete offense which is charged in the language of the statute. The 65th section of the Act of March 31, 1860, specifies four distinct and separate acts which shall constitute the offense of embezzlement; each one of said acts constitutes the full statutory offense. When two or more of said acts are but successive steps in one transaction, they are merged into one offense and may be charged in one count of the indictment. This indictment distinctly charged that the defendant did fraudulently convert to his own use the money of the township which he had received in his official capacity, in language which was substantially that of the statute and embracing every averment material to define the offense. The further averment that the defendant " did neglect and fail to pay over the said sum . . . . at the time and place required by law, and to the person legally authorized to receive the same," refers to the same transaction, and is to be treated not as an averment of a distinct offense, but as an incident of the fraudulent conversion which is properly charged: Commonwealth v. Mentzer, 162 Pa. 646; Commonwealth v. McCoy, 10 Pa. Superior Ct. 598.

The order quashing the indictment is reversed and the record is remitted for further proceedings in conformity to law.