## Commonwealth, Appellant, v. Cook.

Argued October 1, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAW-THROP, CUNNINGHAM and BALDRIGE, JJ.

*Fred B. Trescher,* Assistant District Attorney, and with him *John R. Keister,* District Attorney, for ap-

pellant.—When two or more offenses arise from a single act or transaction or are closely related, they may be joined in the count: Commonwealth v. Hall, 23 Pa. Superior Ct. 104; Commonwealth v. Miller, 107 Pa. 276; Commonwealth v. Kolb, 13 Pa. Superior Ct. 347, 353.

*Percy Allen Rose,* and with him *John E. Kunkle,* appellee.—Each offense prescribed by the act is separate and distinct and they can not all be embodied in one count: Commonwealth v. Saler, 84 Pa. Superior Ct. 281.

OPINION BY LINN, J., January 29, 1930:

These ten appeals by the Commonwealth from orders quashing the first count in each of ten indictments were presented in one argument and may be disposed of together. Originally each indictment contained three counts, but when the cases were called for trial a nolle prosequi was duly entered as to the second and third counts. Defendant then moved to quash the remaining count for duplicity, and the court granted the motion on that ground.

As president of a trust company, Cook, the appellee, was indicted pursuant to the Act of April 23, 1909, P. L. 169, providing "that any president ...... of any ...... trust company ...... incorporated under the laws of this Commonwealth ...... who shall embezzle, abstract, or willfully misapply any of the moneys funds, or credits of any of said institutions ...... with intent, in either case to injure or defraud such institution ...... shall be deemed guilty of a misdemeanor ......"

The indictment based on the first transaction alleged in the information charges that on August 21st the defendant "being the president of the Savings and Trust Company of Youngwood, Pennsylvania, a sav-

ings and trust company, incorporated under the laws of the Commonwealth of Pennsylvania, did then and there unlawfully and fraudulently embezzle, abstract, and willfully misapply certain monies, funds and credits, to wit, the sum of forty-five hundred ($4,500) dollars, United States currency, of the said Savings and Trust Company of Youngwood, with intent to injure and defraud the said ...... trust company, a corporation, contrary ......''

The Commonwealth contends that the abstraction and willful application charged may be so entirely parts of the same transaction as in combination to constitute one embezzlement,—that the constituent acts of the transaction merge into a single crime, and that the indictment is therefore not double. In Com. v. Zeitler, 79 Pa. Superior Ct. 81, 83, the rule was stated to be: ''When a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offense, they may be coupled in one count, and under the rules of criminal pleading and the established practice of our criminal courts, it is competent for the jury, under this form of indictment, to find the defendant guilty of one or more such distinct acts, as the proofs may warrant: Com. v. Rogers, 1 S. & R. 124; Fulmer v. Com., 97 Pa. 503; Com. v. Miller, 107 Pa. 276; Com. v. Mentzer, 162 Pa. 646; Com. v. Hall, 23 Pa. Superior Ct. 104.'' See also Com. v. Basha, 80 Pa. Superior Ct. 320; Com. v. Saler, 84 Ib. 282; Com. ex rel. v. Heston, 292 Pa. 501, 503.

To support the order appealed from, and to avoid the rule just quoted, appellee relies on several district court decisions[1] construing Sec. 5209 of the re-

---

[1] Note: In one of them, U. S. v. Cadwallader, 59 Fed. 677 (W. D. Wisconsin) in condemning a count charging that a defendant embezzled, abstracted and wilfully misapplied money of the bank, the court referred to Sec. 1024, Rev. Statutes U. S., as follows: "But, aside from any question of how it might be adjudged at common law, I cannot doubt that the question is practically and de-

vised statutes of the United States (Com. Sec. 9772, Barnes Fed. Code, Sec. 9244) on the same subject. We need not inquire whether the federal courts generally apply a stricter rule than is applied in Pennsylvania in construing indictments, but we have no doubt that the count should have been sustained under the Pennsylvania practice.

The Act of 1909 specifies three offences,—embezzlement, abstraction and willful misapplication. Embezzlement has long been a well understood term while the others are popular designations of offenses now created by the statute. In the absence of this statute, embezzlement, in the sense that it "is the fraudulent appropriation by one of money entrusted to his care by another" (Railway Co. v. McCurdy, 114 Pa. 554, 558) or "into whose hands it has lawfully come" (Moore v. U. S. 160 U. S. 268), might not include the misconduct of a trust company president (or other officers or employees named in the act) who, though not entrusted with the money or property of the bank, may, nevertheless, by means of his office or employment, be guilty of such misconduct with regard to it as to produce the same result as the embezzlement by one lawfully obtaining the property of another. The obvious legislative purpose was to punish such misconduct as a kind of statutory embezzlement, of which other examples appear in our criminal law, among them, section 65, 1860, P. L. 400. Construing an indictment drawn under section 65 and sustaining a single count charging the four acts prohibited by that section and defined as embezzlement, the supreme court said: "The four specified acts may therefore be four distinct and

finitely settled by section 1024, Rev. St. U. S., which provides that—'When there are several charges against any person for the same act or transaction or for two or more acts or transactions connected together, or for two or mort acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts.'" We have no such statute in Pennsylvania.

separate offenses, or they may be so entirely parts of the same transaction that they combine to make but one. Into which category they fall must depend on the facts of each case, and therefore must raise a question for the jury. That being so there is no legal difficulty in joining two or more such acts in one count. The general principle that separate offenses shall not be joined in the same count is indisputable, but where two or more acts are but parts of the same transaction the rule does not apply." Com. v. Mentzer, 162 Pa. 646, 649. In view of appellee's reliance on the federal district court cases cited in his brief, it may be noted here that the applied rule in Com. v. Mentzer, supra, was approved in Crain v. U. S., 162 U. S. 625, 634, etc.; Wilborg v. U. S., 163 U. S. 632, 648; Jacobson v. U. S. (C. C. A. 7th Cir.), 272 Fed. 339; Proffitt v. U. S. (C. C. A. 9th Cir.), 264 Fed. 299; Balbas v. U. S. (C. C. A. 1st Cir.), 257 Fed. 17; Boone v. U. S. (C. C. A. 8th Cir.), 257 Fed. 963.

Passing on a motion to quash an indictment involves the exercise of judicial discretion within recognized limits (Com. v. Bolger, 229 Pa. 597, 600) and the averments in the indictment are taken to be true as on demurrer. So considering them, a single transaction is charged as having taken place on August 21st; there is no charge of unconnected acts but of an embezzlement involving the abstracting and willful misapplying of the property of the bank as one completed act: see Com. v. Carson, 21 Pa. Superior Ct. 48, 51; Com. v. Hall, 23 Ib. 104, 111; Com. v. Kolb, 13 Ib. 347, 353; Com. v. Sober, 15 Ib. 520; Com. v. Losey, 79 Ib. 75; Com. v. Romesberg, 91 Ib. 559. The information advised defendant of the charge he must expect to be indicted for; the indictment made the charge substantially in the language of the statute. If a defendant has any doubt about what he has to meet by a charge in an indictment, he may ask for a bill of particulars: Wil-

liams v. Com., 91 Pa. 493, 502; Com. v. Buccieri, 153 Pa. 535; Com. v. McCoy, 10 Pa. Superior Ct. 598, 603.

Moreover, this Act of 1909 was before this court in Com. v. Camwell, 89 Pa. Superior Ct. 339, and in Com. v. Kauffman, 94 Pa. Superior Ct. 419, and, though the argument now made for appellee was not presented in those cases, we held in both that the court below properly refused to quash indictments making the charge in question in a single count. And this accords with the general rule. In Bishop's New Criminal Procedure, 2nd Ed. Vol. 1, p. 355, Sec. 436, it is said: "A statute often makes punishable the doing of one thing 'or' another, 'or' another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of any one of them." To the same effect are 31 C. J. p. 764, Sec. 325; 14 R. C. L. p. 194, Sec. 40; Sadler, Crim. Pro., Sec. 219, 230, p. 264.

The order appealed from is reversed, the quashed count is reinstated, and the record is remitted for trial.