## Commonwealth v. Cohen

Hugh D. Scott, Jr., for Commonwealth.

John R. K. Scott, for defendant.

KUN, J., December 2, 1937.—Defendant was indicted under three separate indictments, charging perjury. Defendant has filed motions to quash the indictments on the following grounds:

(a) That indictments 748 and 749 cannot be sustained because the Act of May 3, 1933, P. L. 252, known as the Beverage License Law was (as alleged) repealed by the Beverage License Law of July 18, 1935, P. L. 1217, and that final judgment not having been entered on the crime alleged to have been committed under the Act of 1933, before the alleged repeal of the act, indictments under it cannot be prosecuted.

(b) That the title of the Act of 1933 fails to disclose that the legislature created, as stated in the body thereof, a new crime of perjury, rendering it unconstitutional as affecting any such prosecution.

(c) As to indictment 750, defendant claims that it is bad for duplicity, in that it charges in one count two distinct offenses.

(d) That the Act of 1935 impliedly repealed the Act of 1933, so that any indictments under the latter must fall.

Taking up the last point first, we do not have here a case in which there has been a repeal of the statute under which indictments are pending. The Act of 1935 re-enacted many of the provisions of the Act of 1933. It is, in effect, merely an amending act. The main difference is to be found in the provision that licenses are to be issued by the Liquor Control Board instead of the city

treasurer. It is not every amendment of the statute which operates as an implied repeal. There is no change here in the substantial provisions of the prior act, so as to make the acts repugnant. The changes are, largely, in respect to administrative matters: Commonwealth v. Belevsky, 79 Pa. Superior Ct. 12. We cannot sustain defendant's motion on this ground.

The point raised as to the absence of any notice in the title of the Act of 1933, as to certain acts thereunder constituting perjury, would furnish a more difficult question if, in point of fact, there was created by the provisions of the act a new crime of perjury. Though the body of the act states that any false swearing, in connection with applications filed thereunder, shall constitute perjury, this did not really create a new crime of perjury. As we read the indictments, they charge perjury under the Act of March 31, 1860, P. L. 382. It is not necessary, every time the legislature passes an act covering new subject matter, in which there may be requirements for making statements under oath, that it be stated in the act that any false swearing, in making such statements, shall constitute perjury. That is covered by the terms of the Act of 1860. It is entirely unnecessary, therefore, for such a statement to appear in the Act of 1933, and, therefore, the absence of a reference thereto in the title is of no consequence.

The objection to indictment 750, that it is bad for duplicity, because one count charges defendant with having filed a false affidavit as to his residence, and, also, as to the fact that he had never been convicted, is without merit. The essence of the crime charged is perjury, and because it is charged that it was committed in respect to several false statements made at the same time, before the same notary, and in the same affidavit, it cannot be said that such a count is bad for duplicity, any more than a count in an indictment charging larceny would be bad for duplicity, because the count charging the crime enumerated the articles stolen: Fulmer v. Common-

wealth, 97 Pa. 503; Commonwealth v. Cook, 98 Pa. Superior Ct. 117, 120; Bishop's New Criminal Procedure (2d ed.), p. 355, sec. 436; Commonwealth v. Mentzer, 162 Pa. 646.

The motions to quash the indictments are overruled.