## Commonwealth ex rel. Shoop v. Fortney et al.

*Practice, J. P. — Summary conviction — Right of the Commonwealth to appeal.*

1. The Commonwealth has the right to appeal from a decision of a justice of the peace acquitting the defendants on proceedings under a statute providing for a summary conviction.

*Trespass — Posted property — Separate offences — Joint action — Act of April 14, 1905.*

2. Upon an information against several defendants as joint trespassers on lands posted as private property under the Act of April 14, 1905, P. L. 169, where the evidence shows distinct offences as to time and place, with no concert of action, the justice of the peace properly dismissed the case, and an appeal from such action will be quashed.

Motion to quash appeal from justice of the peace. Q. S. Dauphin Co., June Sess., 1921, No. 232.

*George F. Lumb,* for plaintiff.

*Harvey E. Knupp* and *Scott S. Leiby,* for defendants.

Fox, J., Dec. 1, 1921.—This is a summary proceeding and was commenced before a justice of the peace in the Borough of Dauphin on July 28, 1921, upon the affidavit of John L. Shoop, charging the defendants with violation of provisions of the Act of April 14, 1905, P. L. 169, entitled "An act making it unlawful to trespass upon land posted as private property, and providing the penalty."

The alleged offence being that the prosecutor was the owner of land through which flows a stream of water, upon which land the defendants entered and went into the stream, bathing and swimming therein.

A warrant was issued by the justice of the peace, under which the defendants were arrested, and a hearing was had on July 29, 1921, whereupon the justice dismissed the case.

On Aug. 2, 1921, the prosecutor, John L. Shoop, presented his petition to the Court of Quarter Sessions for the allowance of an appeal, whereupon on that day the court allowed an appeal. It was entered to No. 232, June Sessions, 1921, and on Sept. 28, 1921, the case came to trial. Before testimony was taken, counsel for the defendant moved the court to quash the appeal, and assigned the following reasons:

"1. For the reason that the proceeding before the justice of the peace in said case was under a statute providing for a summary conviction and the

1 D. & C.

Commonwealth ex rel. Shoop *v.* Fortney et al.

justice of the peace acquitted the defendants. Under the Act of Assembly of April 17, 1876, P. L. 29, by virtue of which the prosecutor in this case took said appeal, the Commonwealth has no right of appeal.

"2 In the above stated case the record or transcript of the justice of the peace shows the action was one of trespass and against the defendants jointly. Under the Act of Assembly of April 14, 1905, P. L. 169, if convicted, they must be found guilty of a joint offence, in which they acted in concert in committing, to give the justice of the peace jurisdiction.

"3. The defendants except to the court hearing the case *de novo,* since an appeal from a summary conviction by a justice of the peace is in effect a *certiorari,* and brings up for review nothing but what appears upon record, without a bill of exceptions."

Whereupon (the witnesses for the Commonwealth being present) the court directed the testimony to be taken subject to the subsequent disposition of the motion, which was again renewed by counsel for the defendants at the close of the Commonwealth's case. The defendants offered no testimony, and the first question now before us is, should the appeal be quashed?

Taking up the first of the reasons assigned by the defendants for the quashing of the appeal, viz., the question of the right of the Commonwealth to appeal, we are of the opinion that it has the right to appeal. We have not been referred to any appellate court decision nor have we in our search found any bearing upon the question, and the decisions of the lower courts have sustained both the affirmative and negative sides of this question. One of the fullest and most persuasive discussions upon the subject is found in the case of Com. *v.* Mitchell, 23 Dist. R. 496, in which it was decided that the Commonwealth has the right to appeal. The same position was taken in Com. *v.* Messinger, 13 Dist. R. 621, and Com. *v.* Jolly, 15 Dist. R. 305. The first reason is, therefore, dismissed.

The second reason is a more serious one. The information was made against all of the defendants as joint trespassers.

The evidence submitted by the Commonwealth shows that the prosecutor was the owner of the land; that he had posted notices, giving notice that the land and creek were private property, and that trespassing thereon was prohibited under the Act of April 14, 1905, P. L. 169. There was no evidence submitted that the defendants came together upon the land and went into the stream and bathed together, but the evidence showed that they entered separately, at different times and at different places, and did not swim and bathe together.

We are of the opinion that this is a sound reason for quashing the appeal. There was no concert of action on the part of the defendants. The defendants acted separately, at different times and at different places. The offences were distinct, and the proceedings should have been separately commenced against the defendants instead of jointly. The criminal law does not permit such a joinder under the facts. The current of authorities is against it (Fulmer *v.* Com., 97 Pa. 503; Sadler on Criminal Procedure, 272; Com. *v.* Grau et al., 16 Dist. R. 806) ; this reason is, therefore, sustained.

Having sustained the second reason for quashing the appeal, there is no necessity for passing upon the third.

Therefore, the appeal is quashed, with costs upon the prosecutor and petitioner for the appeal, John L. Shoop.

From William Jenkins Wilcox, Harrisburg, Pa.