## Commonwealth *v.* McCullough, Appellant.

*Criminal law—Defaulting tax collector—Act of June 3, 1885, P. L. 72.*

A county tax collector may be convicted of defalcation under the Act of June 3, 1885, P. L. 72, where he has been in default as to moneys which he had collected within two years prior to the finding of the indictment, although he used some of the moneys collected within the two years to make good a defalcation in previous years, and although he paid into the county treasury during the two years more money than he had collected in that time.

Argued Jan. 14, 1902. Appeal, No. 265, Oct. T., 1901, by defendant, from judgment of Q. S. Blair Co., June T., 1901, No. 23, on verdict of guilty in case of Commonwealth v. James H. McCullough. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for embezzlement as tax collector. Before BELL, P. J.

The facts appear by the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in refusing binding instructions for defendant.

*A. V. Dively,* for appellant.—Our contention is that the crime was committed when the embezzlement took place, which, as before stated, was five or six years prior to the finding of this bill of indictment, and that he could not be guilty of a continuing offense: Gise v. Commonwealth, 81 Pa. 428; Boone County v. Jones, 54 Iowa, 699; 2 N. W. Repr. 97.

*H. P. Graffins* and *C. O. Templeton,* with them *William L. Hicks,* district attorney, for appellee.

OPINION BY RICE, P. J., February 14, 1902:

The defendant was indicted and convicted under the Act of June 3, 1885, P. L. 72, entitled, " An act to punish defaulting tax collectors." The only matter assigned for error is the refusal of the court to charge, that under all the evidence in the case there could be no conviction. A bare statement of the facts as disclosed by the uncontradicted evidence in the case will make it apparent that the court would not have been warranted in giving such instruction.

The defendant was appointed collector of state and county taxes for the city of Altoona in the year 1899, and received the duplicate for the taxes of that year in August. He collected on that duplicate $63,155.28, paid to the county treasurer on account of the taxes for that year $28,473.20, and after being allowed full credit for commissions and exonerations was in default in the sum of $27,264.76. We might stop here, but a question has been suggested which deserves notice.

The explanation vouchsafed for this apparent defalcation is that he was collector for the years 1893, 1894, 1896, 1897 and 1898, and that he used part of the money collected on the duplicate of 1899 to make up deficits in the years 1897 and 1898, which deficits were caused by his using the money collected on the duplicates for those years to make good a defalcation in previous years. We remark, in the first place, that this explanation is not based on any competent evidence; it is based solely on a declaration which the defendant made to one of the commonwealth's witnesses. In the second place, assuming the facts alleged in this explanation, it follows that he was debtor for the taxes collected on the duplicates for 1897 and and 1898. If he used the money collected on the duplicate of 1899 to discharge that debt, and thereby became in default for the taxes of 1899, we have no hesitation in saying that this was a conversion of the money to his own use within the true intent and meaning of the act of 1885.

It is argued, and the court was requested so to charge, that as the defendant paid into the county treasury more money than he collected within two years prior to the finding of the indict-

ment, he could not be convicted.  The answer to this proposition has already been suggested.  Even if it be assumed that he paid to the county treasurer all the money that he collected on all the duplicates within two years prior to the finding of the indictment, a conclusive reason why the point could not be affirmed is that, according to the uncontradicted testimony of the county treasurer, the money paid by the defendant was applied and credited as the latter directed, with the result that he was in default on the duplicate of 1899 in the amount above stated.  In any view that may be taken of it, the evidence clearly showed a violation of the act of 1885, within two years prior to the finding of the indictment.

The judgment is affirmed and the record remitted to the court below to the end that the sentence be fully carried into effect.