# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

---

## Commonwealth *v.* Sitler, Appellant.

*Criminal law—Embezzlement—Tax collector—Act of June 3, 1885, P. L. 72.*

The Act of June 3, 1885, P. L. 72, relating to misappropriation of public moneys by tax collectors prescribes four separate and distinct offenses which jointly may be consolidated into one offense: (1) conversion or appropriation of money received from taxes; (2) the investment of such money in property or merchandise; (3) in becoming a defaulter in respect to such moneys; (4) failure to pay over at the time and place required by law to the persons authorized to demand and receive such moneys.

Where during the term of office of a tax collector it is discovered that he has appropriated money received as taxes to his own use, and such conversion and appropriation is established by competent evidence, the offense is complete. In such a case it is not necessary to show a prior demand by some one authorized to make such demand; nor need the Commonwealth await a monthly settlement between the collecting and the receiving officer, or a final settlement between such officers at the expiration of the collector's term. Nor is it necessary that the public official directly connected with the fiscal affairs of the county institute the prosecution. Any person who knows the facts or is reliably informed thereof may act as such prosecutor.

The Acts of July 9, 1897, P. L. 242, and May 21, 1913, P. L. 284, do not prevent the prosecution of a tax collector under the Act of June 3, 1885, P. L. 72. The purpose of the Act of 1855 was not only to punish for the failure to pay over on demand tax moneys, but it punishes the unlawful use of such money by the officers entrusted with the collection, while it is in their custody or control.

Argued March 14, 1917.   Appeal, No. 8, Oct. T., 1917, by defendant, from judgment of Q. S. Schuylkill Co., Jan. T., 1916, No. 187, on verdict of guilty in case of Commonwealth v. Clinton E. Sitler.   Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment against tax collectors for embezzlement. Before MOSER, J., specially presiding.

Defendant presented these points:

1. That the Commonwealth has not shown that the time has arrived when taxes alleged to have been collected by the defendant should have been paid over.

Answer. That is affirmed as a legal proposition; but the question, as we view it in this case, that is, the issue that is for your determination, is, whether or not he collected taxes and converted the money to his own use, whether he appropriated it.   You have heard counsel discuss the various acts of assembly which provide that a tax collector must make a written return monthly, and the Act of 1891, which also provides that a monthly return must be made.   These acts of assembly were passed to compel, or to urge the tax collectors—really to compel them, to make prompt return, so that municipalities would not be hampered by the tax collector holding the money and deferring his settlements to suit his convenience, and sometimes greatly inconvenience the school districts, boroughs, and other municipalities to whom the taxes are due.   So that the Act of 1891 and the Act of 1897 were passed to compel monthly settlements, or monthly returns, and the Act of 1897 imposes a penalty for a failure to comply therewith, that is, a failure to make these returns by a tax collector.   This bill of indictment does not charge that the defendant failed to return, nor does it charge that he failed to pay over.   The charge is that he took and converted and applied the moneys to his own use.   The defense, in answer to the specific charge in the bill, says, "Why, we have not had a

settlement. No demand has been made by the proper officials; no proceedings have been had under the various acts of assembly providing for written returns and settlements by tax collectors. Therefore, there can be no conviction." We say to you that in this case, if you find that the moneys were collected by this defendant, and that he has retained them and has converted them to his own use, there should be a conviction; and in considering that matter, you will take into consideration the length of time that he has withheld the money. For instance, suppose you should find from the testimony that he did not advance any money and that he has no right to hold these moneys to reimburse himself, moneys that he collected subsequent to the dates of the collection of the moneys testified to by witnesses called on the part of the Commonwealth; suppose you should resolve those questions against the defendant and find that he collected this money and that he should have turned it over and that he did not turn it over, well, then, the question that would naturally suggest itself to your minds is, did he convert it to his own use? In passing upon that question you will take into consideration the length of time that he has retained it. While these acts provide that he shall make written returns and settlements monthly, there may not be a violation if a man does not make his return on the very day. But if you find that he has retained this money an unreasonable time, you have a right to take that into consideration when passing upon the question as to whether or not he converted and applied it to his own use. (1)

2. The Commonwealth has not shown that the time has arrived when the defendant should pay over taxes which he collected, and that he has been legally required to pay by an officer who is by law vested with authority to demand the same.

Answer. That point is refused as drawn, so far as it applies to this case or is material to a proper deliverance of the questions of fact by the jury. (2)

3. The Commonwealth has not shown that the defendant is legally liable and required to pay by any officer or persons upon whom the law has imposed that duty or conferred that authority.

Answer. That is practically the same question, and we say that under our view of this case it is not applicable. The Commonwealth does not contend that any particular officer demanded payment from the tax collector or advised him that he was required to pay. The law requires him to turn over the money that he collects as tax collector; it is his business to turn it over; especially was it his business to turn it over within a reasonable time. It is his duty to desire, at least, a settlement, as well as the county's. He ought to be just as anxious to have a settlement of his accounts as the other county officials. He is a public officer and elected by the public to perform certain duties, to collect the money and pay it over, not to collect the money and then sit still until he is compelled to pay it over, or until some particular specific demand is made of him. (3)

4. The Commonwealth has not shown that it has been determined by the county controller that there is an amount due from the defendant, and that the county controller demanded the defendant to pay such amount to the treasurer.

Answer. We say to you, gentlemen of the jury, that there is no contention that the controller determined what amount was due the county here. The Commonwealth's complaint is that subsequent to November, 1913, and November, 1914, the defendant collected taxes on these two duplicates, and that he has made no return whatever therefor, has not paid it over, and has converted it to his own use. That is a question for you to determine. In that view of the case, the point submitted is really immaterial. (4)

5. If the defendant did not make monthly returns in writing to the county commissioners, showing the amounts collected by him during the preceding month

1, (1917).]     Points—Opinion of the Court.

and the amount of uncollected taxes upon his duplicate for 1913 and 1914, or exhibiting the duplicates showing the uncollected taxes, he cannot be convicted, because he is not thus charged in the indictment.

Answer: That is refused.   (5)

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned,* among others, were (1-5) above instructions quoting them.

*J. O. Ulrich,* for appellant.

*Jno. F. Whalen,* with him *C. A. Whitehouse,* District Attorney, *E. J. McGinnis,* Asst. Dist. Atty., and *F. P. Krebs,* for appellee.

Opinion by Kephart, J., May 7, 1917:

The defendant, a tax collector, was indicted under Section 1 of the Act of June 3, 1885, P. L. 72, for embezzlement. The learned trial judge specially presiding carefully considered and correctly determined many of the questions now before us. The Act of 1885 provides: "That if any person charged with the collection, safe-keeping, or transfer of any state, county......taxes, under any law or laws of this Commonwealth, shall convert or appropriate the moneys so collected, or any part thereof, to his own use in any way whatever, or shall use by way of investment in any kind of property or merchandise any portion of the money so collected by him from such tax or taxes, and shall prove a defaulter or fail to pay over the same or any part thereof at the time or times, place or places, required by law and to the person or persons legally authorized to demand and receive the same, every such act shall be deemed and adjudged to be embezzlement......" The act prescribes four separate and distinct offenses, which jointly may be consolidated into one offense: Commonwealth v. Swab, 59 Pa.

Superior Ct. 485. Considered as distinct offenses, the conversion or appropriation of money received from taxes, the investment in property or merchandise, becoming a defaulter with respect to such moneys, or failure to pay over at the time and place required by law to the persons authorized to demand and receive the money thus collected from taxes, are the offenses defined by the act. There is no difference between the Act of 1885 and the 65th section of the Act of 1860, as to the character of the several offenses as specified in these acts: Commonwealth v. Mentzer, 162 Pa. 646. The defendant was indicted for converting and appropriating money received from taxes to his own use. This charged a complete offense under the act. Where, during the term of office of a tax collector, it is discovered that he has appropriated money received as taxes to his own use, and such conversion and appropriation is established by competent proof, the offense is complete. In such a case it is not necessary to show a prior demand by someone authorized to make such demand. Nor need the Commonwealth await a monthly settlement between the collecting and receiving officer or a final settlement between such officers at the expiration of the tax collector's term. This provision of the act affords an immediate remedy for the wrong therein described. Such settlements are not absolutely necessary to determine the issue between the Commonwealth and the offending collector. Nor is it necessary that the public official directly connected with the fiscal affairs of the county institute the prosecution. Any person who knows of the facts or is reliably informed thereof may act as such prosecutor. Commonwealth v. Shoener, 212 Pa. 527, decides nothing to the contrary. In that case the officer was prosecuted for "failure to pay over at the time and place required by law to the person authorized to demand and receive the same." A prior demand is made necessary by the express terms of the act. The Acts of May 21, 1913, P. L. 284, and July 9, 1897, P. L. 242, do not prevent a prose-

cution under the Act of 1885. We might add to what Judge MOSER states, with respect to these acts, in his opinion overruling defendant's motion for a new trial, that the purpose of the Act of 1885 was not only to punish for the failure to pay over on demand tax moneys, but it punishes the unlawful use of such money by the officers entrusted with their collection, while it is in their custody or control. The act was intended to prevent delinquencies by tax collectors by declaring it to be a crime to make use of the money, even temporarily, for the collector's benefit; but the Commonwealth must show that there is money collected from taxes, which is the property of the municipality, and that the collector has converted and appropriated that money to his own use.

Appellant does not seriously contend that such evidence is not present in this case. Since the time payments were made on account of the 1913 and 1914 duplicates, there has been a sum of money collected by the defendant from taxes for both of these years. The money has not been turned into the county treasury or in any manner attempted to be accounted for by the tax collector. One of the taxpayers testifies that the personal account of the appellant was liquidated by taxes due to the county. This was an act of conversion and appropriation within the meaning of the act. It called for an explanation from the defendant. It to a certain extent gives strength to the "inferences and presumptions" arising from the other evidence in the case. In September, 1915, the defendant abandoned his office, left his wife and children, absconded and went to the Pacific Coast. While there, to speak mildly of his conduct, he spent his money quite freely. He went under an assumed name until arrested and returned to Schuylkill County December 25, 1915. In the meanwhile the court declared a vacancy in the office of tax collector of Tamaqua and appointed a person to fill that vacancy. The tax account in the county treasurer's hands show that there was over $12,-000 due to the county from the defendant. When the de-

fendant attempted to explain his conduct it was most unsatisfactory. No official or other record was produced. There was nothing to show how much money had been received, or what taxables had paid their taxes. The tax duplicate contained no record of payments, and the receipt stubs could not be found. His estimate as to the amount of money overpaid to the county treasurer in former settlements was a mere guess. The case was carefully tried, and notwithstanding the very able presentation by the appellant's counsel, we are convinced that the record presents no error of law or any injustice done to the appellant.

The judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.