## Commonwealth *v.* Gartman, Appellant.

*Criminal law—Embezzlement—Act of May 18, 1917, P. L. 241— Act of June 3, 1885, P. L. 60.*

In the trial of an indictment for embezzlement under the provisions of the Act of May 18, 1917, P. L. 241, a conviction will be sustained, where the court could not have found under the evidence that the prosecutor and the defendant were partners. Under such circumstances, a motion in arrest of judgment on the ground that the parties were partners and that the defendant was punishable under the Act of June 3, 1885, P. L. 60, is properly refused.

Argued March 11, 1924. Appeal, No. 17, Oct. T., 1924, by defendant, from judgment of Q. S. Berks Co., Dec. Sessions, 1921, No. 184, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Jacob M. Gartman. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for embezzlement under the Act of May 18, 1917, P. L. 241. Before SCHAEFFER, P. J. of O. C., Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were, among others, the charge of the court, answers to points and refusal of defendant's motion in arrest of judgment.

*T. Henry Walnut,* and with him *Todd Daniel,* for appellant.

*H. Robert Mays,* and with him *D. F. Mauger,* District Attorney, and *E. H. Deysher,* for appellee.

OPINION BY HENDERSON, J., April 21, 1924:

The defendant was convicted of embezzlement on an indictment drawn under the Act of May 18, 1917, P. L. 241, which provides: "that any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other person, firm, or corporation, or which any other person, firm or corporation is entitled to receive and have, who fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, shall be guilty of a misdemeanor, etc." The only request for instructions to the jury was that under all the evidence the verdict must be not guilty which point was refused. The court submitted to the jury the question whether the defendant had appropriated to his own use all or any of the money delivered to him and this was pursuant to the position of the defendant at the trial. A motion in arrest of judgment was discharged. It is now contended that the judgment should be reversed for two reasons: First, that the transaction out of which the prosecution arose was between partners with respect to partnership business, and that if an embezzlement was committed by the defendant he is punishable under the Act of June 3, 1885, P. L. 60, relating to embezzlement by partners; second, that if the delivery of the money by the prosecutor to the defendant was not an affair between partners or between the prosecutor and a partnership of which he was a member, the evidence shows an agency by the defendant, and in case of an embezzlement in that relation he is indictable under section 114 of the Crimes Act of 1860, P. L. 410. It is a sufficient reply to the first proposition that the court could not have found as a matter of law that the prosecutor and defendant were members of a partnership. No request for instructions was made to the jury

on that subject and the evidence is not so clear and conclusive as to permit an assumption by the court that the fact of partnership was established.   The charge of the court was much more favorable to the defendant in that respect than the evidence required.   While some parts of the testimony of the prosecutor might lead to the conclusion that his money was given to the defendant for the sole purpose of buying warehouse receipts or certificates for the transfer of alcoholic liquors, in other parts it was stated that no partnership was formed; that one was in contemplation with respect to which a contract was to have been drawn, but that the negotiation never reached that conclusion.   Moreover it was claimed by the witness that the partnership under consideration related to the drug business in which the defendant was at that time engaged and in which the purchases of liquor were to be used.   Whether this was the actual purpose of the prosecutor and of Hittner who also furnished money to the defendant in the same transaction may be doubtful, but it is clear that if they were to become members of a partnership engaged in the drug business that would not constitute an illegal combination.   Whatever the parties confederated to do in violation of the federal or state law in connection with the drug business would alone be illegal.

We find nothing in the evidence in the case which would constitute the defendant an agent of the prosecutor and Hittner in the transaction described.   The defendant does not so state, but on the contrary asserts that there was a partnership formed, and neither the prosecutor nor Hittner makes a disclosure of any facts which expressly or presumptively put the defendant in the attitude of an agent.   It is unnecessary to consider the character of the "agent" referred to in section 114 of the Act of 1860.   It is not important to the determination of the case before us whether it relates to one engaged in the business of an agent or appropriately describes one who is an actor in a single transaction.

It was the evident intention of the legislature in the adoption of the Act of 1917 to provide for cases not specifically included in any of the previous legislation on the subject of embezzlement. The terms of the statute are very comprehensive as to the capacity in and means by which the money or property is received, and if an embezzlement were committed by the defendant, the facts bring the case within the prohibition of the later statute. The evidence of the Commonwealth was to the effect that the prosecutor's money was given to the defendant in contemplation of the formation of a partnership, but that the plan was never carried out. The defendant testified that a partnership was formed for the purpose of dealing in alcoholic liquors and with that state of the evidence the court would not have been warranted in instructing the jury to acquit the defendant because he was not indicted under the Act of 1885. Moreover there is evidence that the money received by the defendant was appropriated in part to the purchase of diamonds and no precedent has been exhibited to sustain the proposition that one who has received money for a use which may have been in part legal may apply it to his personal use in violation of instructions and do so without liability to the Commonwealth. The money received by the defendant was the property of Moore and Hittner, and it continued to be theirs until, as found by the jury, it was fraudulently appropriated by the defendant. The conviction was sustained by evidence and was in accord with numerous authorities: 2 Bishop Crim. Law, section 354; Brooks v. Martin, 2 Wall. 70; State v. Shadd, 80 Mo. 358; Com. v. Smith, 129 Mass. 104; Com. v. Shober, 3 Pa. Superior Ct. 554; Com. v. Robzin, 78 Pa. Superior Ct. 293. No errors are on the record which would sustain a reversal.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there

called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.