## Commonwealth v. Berkemeyer.

*Criminal law—Fraudulent conversion—Embezzlement—Indictment—Sufficiency—Act of March 31, 1860.*

A defendant was indicted under two counts, one under section 114 of the Act of March 31, 1860, P. L. 427, and the other under section 107 of the same act, the former relating to fraudulent conversion of personal property and the latter to embezzlement as clerk, servant or employee. Section 28 of the Act of March 31, 1860, provides that, in the latter case, it shall be lawful to charge in the indictment at least three distinct acts of embezzlement committed within six months. After a bill of particulars had been furnished, the defendant moved to quash the indictment: *Held,* (1) That section 28 applies only to section 107 and does not apply to section 114, section 28 having been passed in order to change the law as to felonies; (2) that the fact that the bill of particulars recited the loss of a lesser sum than that alleged in the indictment was immaterial; and (3) that only one offence was alleged, even though the sums appropriated were obtained from various and numerous individuals, it being, however, the result of a continuous transaction.

Motion to quash indictment. O. & T. and Q. S. Lehigh Co., June Sess., 1924, No. 57.

*Horace W. Schantz,* for motion; *Orrin E. Boyle,* District Attorney, contra.

IOBST, J., March 16, 1925.—The indictment contains two counts, the first count being found under section 114 of the Act of March 31, 1860, P. L. 427; the second count under section 107 of the same act.

Section 114 reads as follows: "If any person, being a banker, broker, attorney, merchant or agent, and being entrusted, for safe custody, with the property of any other person, shall, with intent to defraud, sell, negotiate, transfer, pledge or in any manner convert or appropriate to or for his own use, or the use of any other person, such property, or any part thereof, he shall be guilty of a misdemeanor." Section 107 reads as follows: "If any clerk, servant or other person in the employ of another, shall, by virtue of such employment, receive and take into his possession any chattel, money or valuable security which is or may be made the subject of larceny, for, or in the name, or on account of his master or employer, and shall fraudulently embezzle the same or any part thereof, every such offender shall be deemed to have feloniously stolen the same from his master or employer, although such chattel, money or security was not received into the possession of such master or

employer otherwise than by the actual possession of his clerk, servant or other person in his employ, and shall be punished as is provided in cases of larceny of like property."

Section 28 of the Act of March 31, 1860, P. L. 427, reads in part as follows: "It shall be lawful in cases of embezzlement by clerks, servants or other persons in the employ of another to charge in the indictment and proceed against an offender for any distinct acts of embezzlement, not exceeding three, which may have been committed by him against the same master or employer within the space of six calendar months from the first to the last of such acts," etc.

Both counts in the indictment are drafted in the exact language of the sections of the act referred to; the first count charging that the defendant, while acting in the capacity of agent for one Paul M. Kahler, and being entrusted for safe custody with the property of said Kahler, converted and appropriated the sum of $1980 with intent to defraud, etc.; the second count charges the defendant, while in the employ of the prosecutor, Kahler, as agent, by virtue of such employment, with receiving and taking into his possession the sum of $1980 in the name and on account of the said Kahler and fraudulently embezzling the same.

After a true bill was found by the grand jury, the defendant asked for a bill of particulars, which was furnished by the district attorney. The bill of particulars sets forth that the defendant was employed by Paul M. Kahler, of Reading, Pa., during the year 1922, to sell for him in Allentown, Pa., and adjacent territory cigars to be forwarded by Kahler; that returns of said sales so made by the defendant, as well as his stock on hand, were to be made by him to Kahler at the end of each calendar month; that, being so employed as agent, the defendant, on the last day of July, 1922, had in his custody by virtue of his employment a certain sum of money, the property of Kahler, amounting to $134.25, which he converted and appropriated to his own use; that the said sum of $134.25 comprises payments made on account of purchases by a number of persons, whose names, addresses and respective amounts paid by them are enumerated in the bill of particulars. In the following paragraphs of the bill of particulars, alleging the same state of facts, is set forth the further sum of $557.38, converted and appropriated on the last day of August, 1922, by the defendant, again naming the various persons from whom the moneys were collected, with their respective addresses and the respective amounts paid by them to the defendant.

The defendant then moved to quash the indictment, assigning eight reasons in support of his motion. The first five reasons allege that the information does not sustain the counts in the indictment. Upon inspection we find the information well drawn. It sets forth that on or about January, 1921, the defendant entered the employ of Paul M. Kahler in the capacity of salesman and agent in the sale of cigars at wholesale, which employment continued until Sept. 1, 1922; that at divers times within the two years last past the defendant, as agent or salesman, and in the capacity as employee and having authority to collect, demand and receive moneys belonging to Paul M. Kahler, received into his hands moneys belonging to Kahler, in the aggregate sum of $1980, which he fraudulently withheld, converted and applied to his own use. The information is closely drawn to the wording of the act. It is not necessary that the information lodged with an alderman or magistrate should recite the commission of an offence with the same nicety or exactness that is required in the indictment. It is sufficient if it set forth, in substance, the commission of an offence upon which the Commonwealth may base an indictment. The first, second, third, fourth and fifth reasons are dismissed.

The sixth reason alleges that the indictment violates section 28 of the Act of March 31, 1860, providing that in cases of embezzlement by clerks, servants or other persons in the employ of another, not more than three distinct acts of embezzlement can be laid in one indictment.

A comparison of section 107, under which the second count in the indictment is framed, and section 28, above referred to, providing that three distinct acts of embezzlement may be charged in the same indictment, convinces us that section 28 refers only to section 107 and does not apply to section 114. Section 107, referring to the fraudulent embezzlement of property by clerks, servants or other persons in the employ of another, makes such an appropriation a felonious taking. A violation of section 107 is a felony. Therefore, it becomes very evident as to why section 28 was enacted. While several acts of misdemeanor may be set forth in different counts in the same indictment, several distinct felonies cannot be joined in one indictment unless expressly permitted by statute. We need not here note those exceptions, sufficient to say that a violation of section 107 being a felony, only one distinct act of embezzlement under that section could be set forth in one indictment if there were no further legislation on that subject. In view of this doctrine of the law, section 28, referring especially and distinctly to the fraudulent embezzling of clerks, servants or other persons in the employ of another, was placed upon the statute books to permit the joinder of three distinct violations of section 107 in one indictment and no more. Section 114 does not speak about embezzlement, but refers to the offence of converting and appropriating the property of another entrusted for safe custody. This offence is a misdemeanor.

We fail to see the application of the sixth reason, as well as reason number seven, which alleges that the indictment violates the act of assembly providing that only one separate and distinct offence may be included in one count. Both counts in the indictment set forth but one offence; the first count alleging the conversion and appropriation of the sum of $1980, the second count alleging the fraudulent embezzling of the sum of $1980.

It is true that the bill of particulars filed by the officer of the Commonwealth, and which must now be read in conjunction with the matters alleged in the indictment, recites a lesser sum than $1980, but the Commonwealth is not obliged to prove the amount set forth in the indictment. If proof of a lesser sum is sufficient to sustain a conviction, such proof is admissible even though a larger sum is set forth in the indictment. The bill of particulars alleges that the defendant converted and appropriated $134.25 of the moneys of the prosecutor in July of 1922, and the sum of $557.38 in August of 1922; the time laid being within the period of limitation.

We are not to lose sight of the fact that the Commonwealth alleges that the defendant was the agent in the employ of the prosecutor for the entire period of the defalcations. The Commonweath says that these moneys so taken were collected from various persons, who are named, for the prosecutor, and the aggregate sum so collected was not turned over to him by his agent. The policy of the law as laid down by our Supreme Court in Com. *v.* Mentzer, 162 Pa. 646, is clear and reasonable.

In this case an indictment for embezzlement was found against a prothonotary of the county who failed to pay over to the State Treasurer the portion of fees collected by him and due to the Commonwealth. The Supreme Court said: "While, as a matter of public policy, each act has been individualized and made to amount to the full and completed offence, the statute could not, nor has it attempted to, change the nature of the acts as possible parts of the

same transaction, and where that is in fact the case, and two or more of the enumerated acts are in truth only successive steps in one appropriation or embezzlement of the same money, it would be contrary to the fundamental principles of our criminal jurisprudence to hold that they had not merged and become but one offence. The possible consequences of any other view are too serious to permit its entertainment."

This case is numerously cited: See Com. v. Swab, 59 Pa. Superior Ct. 485; Com. v. Sitler, 67 Pa. Superior Ct. 1; Com. v. Wheeler, 75 Pa. Superior Ct. 84; Com. v. Basha, 80 Pa. Superior Ct. 320.

Surely the statute does not intend that a person who acts as an agent for another in a certain business which requires the collection of money from various and numerous individuals and then defaults should be prosecuted for each individual receipt of money and the conversion thereof. Such a construction of the statute would prove burdensome and cumbersome for the Commonwealth and prove extremely harsh to a defendant, for in the instant case, and in many prosecutions for conversion or embezzlement, such a procedure would lay him open to such a multiplicity of prosecutions which, resulting in convictions in each case, might inflict life imprisonment upon him.

We will hold that the Commonwealth alleges but one offence, the result of a continuous transaction. The defendant has ample notice as to what he has to meet with a defence. The amount of the alleged conversion or embezzlement is given, and the names and addresses of the persons from whom he is alleged to have collected are enumerated. He need prepare for no further defence except as to the matters alleged in the bill of particulars, and that is plain. If he is either convicted or acquitted under this indictment, he need fear no further prosecution upon these charges, for he may then well plead former conviction or former acquittal. The eighth reason has been disposed of. We have noted with regret the large number of witnesses subpoenaed by the Commonwealth when this case was first placed upon the trial list. This is not to happen a second time. The Commonwealth is to subpoena only such witnesses as are necessary to sustain the matters alleged in the bill of particulars. The motion to quash the indictment is denied.

From Edwin L. Kohler, Allentown, Pa.