## Commonwealth *v.* Jackson, Appellant.

*Criminal law—Fraudulent conversion—Evidence—Letters—Admissibility.*

In the trial of an indictment for fraudulent conversion of money placed to the joint credit of a prosecutor and defendant, it is error to refuse to admit in evidence letters from the former to the latter, for the purpose of establishing that the account was for the joint use of both parties and not for the sole use of the prosecutor.

Where the theory of the defense was that the prosecutor had placed his bank account at the disposal of the defendant for the purpose of winning her affection, it was proper to show, by testimony of the defendant, the entire conduct between the prosecutor and herself in corroboration of her allegation that she had full authority from him to use any or all of the money in the joint account.

Under such circumstances, letters written by the prosecutor to the defendant and containing expressions of his affection for her were properly offered in evidence.

Argued April 13, 1925. Appeal No. 116, October T., 1924, by defendant from judgment of Q. S. Philadelphia County, February Sessions, 1924, No. 639, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Margaret Jackson. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for fraudulent conversion under the Act of May 18, 1917, P. L. 241. Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, refusing to admit certain letters in evidence and the charge of the court.

*Frederick L. Shoyer,* and with him *Joseph L. Wase,* for appellant.

*Joseph K. Willing,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

Appellant was convicted upon a bill of indictment which charged that she, having received and having possession of certain money, to wit, $925, the property of the prosecutor, unlawfully did then and there fraudulently withhold, convert and apply said money to and for her own use and benefit, thus charging the offense prohibited by the Act of May 18, 1917, P. L. 241, entitled, "An act making the fraudulent conversion of property, or the proceeds of property, a misdemeanor." etc.

The undisputed testimony was, that in January, 1921, the prosecutor went to live with his son and his son's wife, appellant. At that time he had an account in the Kensington Trust Company. Shortly thereafter he went to the bank and had his account changed so that it stood in the names of himself and appellant, and either of them could by individual signature withdraw the money. It was stipulated that in the event of the death of either, the balance in the account should belong to and be paid to the survivor. In 1923 the prosecutor opened deposit accounts in the Fairhill Trust Company and in the Franklin Trust Company in the joint names of himself and appellant upon the same terms as the account in the Kensington Trust Company. About Christmas, 1923, he moved from his son's house. In January, 1924, appellant drew all of the moneys from the three banks and gave it to her husband. Her arrest and prosecution followed. The prosecutor testified that he never authorized appellant to withdraw the money for her own use; that she was the one person in whom he had faith and confidence; and that he put his bank accounts in the names of himself and appellant so that she could draw money for his use when he requested it. The

testimony of appellant and her witnesses would have warranted a finding by the jury that the prosecutor authorized her to draw from the banks for her own use any and all of the money whenever she desired. But the jury believed the prosecutor and the conviction must be sustained if the trial was free from error materially harmful to appellant.

On full consideration of the record we are obliged to sustain the seventh and eighth assignments of error. The theory of the defense was that the prosecutor's placing of his bank accounts at the disposal of appellant was only part of his scheme to win her affection and to create between her and her husband a feeling of discontent which eventually would lead to a separation and perhaps a marriage by him with his daughter-in-law. There was an offer to show by the testimony of the defendant the entire conduct between the prosecutor and her in corroboration of her allegation that she had full authority from him to use all or any part of the money in the three banks. A number of letters written by the prosecutor to the defendant and tending to prove his affection for her and a motive for his desiring to place his bank accounts at her disposal were offered in evidence. Objections to both offers were sustained by the trial judge. This was error. The evidence was clearly relevant and competent. It tended to lend color and probability to the testimony of the defendant and her witnesses that the prosecutor placed his bank accounts at her disposal.

We find no reversible error in the other assignments. There was sufficient evidence to sustain a conviction of fraudulent conversion under the Act of 1917, supra, when the Commonwealth proved that the defendant had been placed in a position in which she could draw the prosecutor's money from the banks for his use when he requested it, but had drawn it and fraudulently converted it to her husband's use and benefit.

The judgment is reversed and a new trial awarded.