## Commonwealth v. McHenry, Appellant.

*Criminal law—Fraudulent use of partnership funds—Evidence—Sufficiency—Act of June 3, 1885, P. L. 60.*

On the trial of an indictment for the embezzlement of partnership funds, a verdict of guilty will be sustained where the evidence established that the defendant made various diversions of the partnership funds and appropriated them to his own use.

Where the evidence established that the defendant and another entered into an arrangement, wherein one furnished the capital for

the business and the other his knowledge and experience, that each was to draw a stipulated sum weekly, and that the profits were to be divided equally, there was sufficient evidence to prove the existence of a partnership.

Argued October 17, 1927.   Appeal No. 224, October T., 1927, by defendant from judgment of Q. S. Philadelphia County, May T., 1926, No. 59, in the case of Commonwealth of Pennsylvania v. Winfield S. McHenry.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for appropriation of partnership funds. Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Plaintiff appealed.

*Errors assigned* were various rulings on evidence, answers to points, and refusal to direct a verdict in favor of the defendant.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.

*Michael A. Foley,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 15, 1927:

The defendant was indicted for the willful and fraudulent conversion to his own use of partnership money and effects.   The crime was charged in the language of the Act of June 3, 1885, P. L. 60.   Two questions are raised by the defendant in his effort to set aside the verdict of guilty.

The first is that the Commonwealth failed to estab-

lish the fact that there was an actual partnership. The evidence was that McHenry, the defendant, and Carroll entered into a partnership (so referred to by counsel of both sides throughout the trial) that Carroll furnished the capital for the business and McHenry his knowledge and experience as a diamond merchant. Each was to draw fifty dollars a week and the profits were to be divided equally. In the event of a dissolution of the partnership, Carroll was to receive back the amount he put into the concern. There was a checking account in the bank against which, in the beginning, either party could draw. It will be observed that the defendant was not to be paid commissions on sales, but one-half of the net profits were to go to him. It is apparent that the assets of the company accumulating, if any, were the property of both partners equally and that they both stood in the same position as to the partnership, except that one could withdraw, at the conclusion of the arrangement, his contribution to the capital. This, we think, clearly constituted a partnership; Gibbs Estate, 157 Pa., 59-70; Coens v. Marousis, 275 Pa., 478; and the court properly stated that the mere participation in the profits and the return of capital, did not prevent the arrangement from being a partnership. He was also correct in stating that the parties believed it to be such and lived under it for years with that impression. Had the defendant wished an elaboration of these statements and further exposition of the law as to what constitutes a partnership, he should have so stated when the court invited comment at the conclusion of the charge.

The second question is, was there evidence of conversion? The Commonwealth proved that on four occasions defendant took partnership funds, obtained by checks drawn out of the joint bank account, this being done against the express understanding that checks should only be drawn for the weekly stipend of fifty

dollars. Several of these checks were not in sequence with the other checks, but were taken from the back of the check book and torn out with the stubs. There was also an occasion where an exchange of diamonds resulted in the defendant getting a stone into his possession which belonged to the partnership and should have been placed in the stock held by them. Upon investigation, it was not in the place where the diamonds were kept and the defendant being asked, offered no explanation but denied all knowledge of where the stone was. When the Commonwealth proved these various diversions of the funds and effects of the partnership, it made out its case. It was not required to show what defendant had done with the money. If he appropriated it to his own use, the crime was complete and without any testimony from the defendant as to why he appropriated the funds and effects of the partnership, a verdict of guilty was quite sure to follow. We see no reason for disturbing it.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.