## Commonwealth *v.* Hampton, Appellant.

64

Argued March 12, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*H. R. McCowan,* and with him *W. W. MacElree,* for appellant.

*John N. Guss,* District Attorney, and with him *Raymond B. Reid,* Assistant District Attorney, for appellee.

Opinion by Linn, J., April 9, 1929:

Hampton, appellant, was the sheriff of Chester County for the term of four years ending January 1, 1928. It is a county of the fifth class and is subject to the Act of May 20, 1921, P. L. 1006. Appellant was indicted in April, 1928, under section 65 of the Criminal Code (1860 P. L. 382, 400), providing as follows:

"If any state, county, township or municipal officer of this Commonwealth, charged with the collection, safe keeping, transfer, or disbursement of public money, shall convert to, his own use, in any way whatsoever, or shall use by way of investment in any kind of property or merchandise, any portion of the public money entrusted to him for collection, safe keeping, transfer or disbursement, or shall prove a defaulter, or fail to pay over the same when thereunto legally required by the state, county or township treasurer, or other proper officer or person authorized to demand and receive the same, every such act shall be deemed and adjudged to be an embezzlement of so much of said money as shall be thus taken, converted, invested, used or unaccounted for, . . . . . .; and every such officer, and every person or persons whomsoever aiding or abetting, or being in any way accessory to said act, and being thereof convicted, shall be sentenced to an imprisonment, . . . . ... and to pay a fine equal to the amount of the money embezzled."

Appellant was tried on three indictments, No. 64 charging him with embezzlement of money payable to Chester County; No. 64-A, with embezzlement of "fines paid by defendants in the criminal courts of said county amounting to the sum of $775 and upwards" payable to the Law Library of Chester County; and No. 64-B, with money payable to the Commonwealth. When the testimony was in, the district attorney agreed that there was no evidence against appellant to sustain a conviction on No. 64-B (money due the Commonwealth) and that a verdict of not guilty should be rendered on that indictment. The jury also rendered a verdict of not guilty "defendant to pay the costs" on indictment No. 64 (money due the county) and found him guilty as charged in indictment 64-A.

The act providing for the payment of money to the

Law Library is that of March 20, 1867, P. L. 502, as follows:

"That ...... one-half of all the fines, and other forfeitures, imposed by the several courts of Chester County, payable and belonging to said county, shall and Miscellaneous Library, for the use of the said corporation; and the books purchased by the said be paid to the treasurer of the Chester County Law library company shall be for the use of the said courts, the commissioners of said county, and the members of said association."

While section 65, supra, specifies four separate offences they may be, and in this case were, charged in a single count of the indictment of which appellant was convicted: Commonwealth v. Miller, 107 Pa. 276; Commonwealth v. Mentzer, 162 Pa. 646; Commonwealth v. Swab, 59 Pa. Superior Ct. 485, 493.

Complaint is now made of extracts from the charge; that the charge was inadequate; that the evidence was insufficient to submit to the jury; and that, in any view of the case, the evidence was insufficient to support that part of the sentence which imposed a fine of $775. In his criticism of the charge to the jury, appellant suggests that by the evidence offered the apparent purpose of the Commonwealth was to convict defendant (a) of converting public money to his own use, or (b) of failure to pay over after demand, but that the instructions to the jury confused the elements of each and dealt inadequately with them. This complaint we must sustain.

Before appellant can be convicted of failure to pay over on demand, there must be evidence of proper demand, a subject that was fully considered in Shoener's Appeals, 25 Pa. Superior Ct. 526, S. C. 212 Pa. 527 (in which there was an acquittal on the counts charging conversion) and 30 Pa. Superior Ct. 321, S. C. 216 Pa. 71 (in which the indictment was only for failure to pay over on demand). There may be a

conviction of converting to defendant's own use without proof that a demand for payment was made because the statute does not require a demand in the case of that offense, doubtless for the obvious reason that if defendant has used the money for his own purposes, proof of that fact is sufficient evidence of intentional breach of statutory duty to render demand unnecessary, while in the case of mere failure to pay over there may perhaps be only negligence, or an honest dispute, and the legislature has therefore seen fit to require demand and refusal as evidence of criminal intent; Shoener's Appeals, supra. This distinction is fundamental and appellant was entitled to have the attention of the jury directed to it although his counsel, when asked by the trial judge whether he had omitted anything, neglected to refer to this inadvertent omission. There was no evidence of a demand.

The record, however, would seem to indicate that the appellant collected public money in a large amount which he converted to his own use as charged, or still has in his possession. As we remit the record for another trial, we shall not discuss the testimony further than to say that if the evidence shows that the money received by the sheriff for fines was put into his own bank account, and from that account, or otherwise, was used for his own purposes, the charge in the indictment that he had converted such money to his use would be made out (compare Commonwealth v. McCullough, 19 Pa. Superior Ct. 412; Commonwealth v. Shields, 50 Pa. Superior Ct. 1, 17; Commonwealth v. Sitler, 67 Pa. Superior Ct. 1, 7; Commonwealth v. Jackson, 86 Pa. Superior Ct. 351; Commonwealth v. Gartman, 83 Pa. Superior Ct. 108; Commonwealth v. McHenry, 92 Pa. Superior Ct. 162, 164). We may at this point note some confusion in the evidence which doubtless led to confusion in the charge. The treasurer of the Law Library testified that the last payment received by the Library from the sheriff

was on September 7, 1927, and that it covered the period "for fines collected from July 1, 1925, to July 1, 1926." In the evidence of the controller and of the sheriff's bookkeeper it was shown that for the period from April, 1926, to January, 1928, out of fines received by the sheriff, he paid to the county the sum of $3,670, which, it is said, was at least one-half the fines received in that period. From that fact it was sought to have the jury draw the inference that a like sum, being the other half of the fines collected, was payable to the Law Library for the same period and was withheld. The court instructed the jury that that evidence, if believed, might support a verdict of guilty. From one of the questions put to the sheriff's bookkeeper (though not from other questions on the subject) it would seem that perhaps the period described as from April, 1926 to January, 1928, was intended to cover that period from July 1, 1926 to January, 1928; unless that was the purpose, or at least unless it can be shown that the sum of $3,670 was derived only from fines received between July 1, 1926 and January, 1928, it will not aid the jury, unless evidence can be produced eliminating that part of the sum of $3,670 which accrued between April 1, 1926, and July 1, 1927, up to which date the treasurer of the Library testified the sheriff had made payment.

The assignment that the record does not sufficiently show that an amount equal to the fine of $775 was misappropriated is dismissed; as we understand the evidence, it would support a finding that the sum was in excess of that: Commonwealth v. Shoener, 25 Pa. Superior Ct. 526, 543. Nor can we sustain the complaint that the money in question was not public money, because in the end it was to be paid to the Law Library. The fines were public money which came into the hands of the sheriff in virtue of his office and in the performance of his public duty, for the custody and disbursement of which he and his surety were

liable and remain public money, until paid according to law; the test is not the ultimate destination of the money, but the capacity in which it was received and held.

The judgment is reversed and a new trial is awarded.