## Commonwealth v. Groff.

*Collision between automobiles—Knowledge of collision—Act of June 30, 1919, sect. 23, P. L. 678.*

On a trial of an indictment for failure to stop after colliding with another automobile, a new trial should be granted where the jury was not instructed that they could not convict the defendant unless he knew that he had collided with the car of the prosecutor.

Rule for new trial. Q. S. Lancaster Co., Sept. Sess., 1924, No. 10.

*Charles W. Eaby,* for rule; *Joseph B. Wissler* and *S. V. Hosterman,* contra.

HASSLER, J.—The defendant was tried and convicted on an indictment which charged that he, while operating a motor-vehicle on a public highway, injured a motor-vehicle belonging to Alvin P. Young and failed to stop and render any necessary assistance. The testimony shows that at 5 o'clock on the evening of March 27, 1924, on a public highway, the defendant, with several others, passed an automobile belonging to Alvin P. Young, and that, when nearly past him, the middle or rear of his automobile truck struck the front wheel of Mr. Young's car, causing it to run into a pole, which slightly injured it. There was no proof that the defendant knew that he had collided with Mr. Young's automobile. The curtains of both the automobiles were down. The defendant and the three men who were in his automobile testified they had no knowledge of having collided with the car of Mr. Young, and that there were no marks upon the defendant's car indicating that any such collision had occurred. We are now asked to grant a new trial for the single reason that we erred in failing to instruct the jury that they could not convict the defendant unless he knew that he had collided with the car of Mr. Young.

The Act of Assembly of June 30, 1919, § 23, P. L. 678, requires the operator of a motor-vehicle who shall have injured the person or property of another to stop and render such assistance as is necessary and give his name and address. In commenting on this act of assembly in Com. *v.* Zeitler, 79 Pa. Superior Ct. 81, Judge Porter says: "The operator of a motor-vehicle, who knows that he has injured the person or property of another user of the highway, must perform the whole duty imposed by the statute. If he fails to promptly stop, he is guilty of an offence. But if, *knowing* that he has injured persons or property, he merely drives on, making no attempt to render assistance or give his name and address, the whole transaction involves only one offence." It could not be expected that such a person should stop for the purpose required by the act of assembly unless he knew that he had injured the person or property of another.

In this case there was no proof that the defendant knew he had collided with Mr. Young's automobile. He and three other witnesses testified that he did not know it. It was error, therefore, for us to have instructed the jury that they could convict if they believed the testimony on the part of the Commonwealth, as it had failed to prove this necessary fact. We, therefore, make absolute the rule for a new trial.

Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.